MURRAY, respondent, *v.* CITY OF BUTTE, appellant.

*What is competent evidence of right to highways — How title to highways is acquired from the United States.* — Plaintiff brought an action of ejectment against the city of Butte to recover possession of certain real estate situated in said city, and comprised in its streets. Plaintiff relied upon a United States mineral patent, which included the premises in question. The defendant set up a claim to a right of way or easement over said property; and upon trial offered to prove that at the time of the location of the mining claim a mineral patent to which plaintiff had acquired, there were streets and highways used and accepted by the public, extending over it, and which constituted the land in dispute. *Held,* that defendant should have been allowed to make such proof; and that such proof would have established its right to the easement claimed under section 2477 of the Revised Statutes of the United States.

*When a failure to file an adverse claim at the time of an application for a United States patent waives no rights.* — The failure of the defendant to file an adverse claim to the land in dispute, at the time of the application for plaintiff's mineral patent, was no waiver of its claim.

*Rights under United States patent defined.* — The United States cannot convey again a right or title which it has once lawfully conveyed; and if the defendant could have proved an acceptence of an easement over the premises in dispute, prior to the location upon which plaintiff's patent was based, its title to such easement would be good against the United States government and its grantees.

PLEADING. — *General acts of Congress need not be pleaded.* — The grant of the easement sought to be established by the defendant is a law of Congress, of which the court takes judicial notice, and the same need not be specially pleaded. An allegation that certain streets "have been public highways ever since the year 1866, and have ever since said date been duly and legally recognized as such, and have ever since been used by the public as such," is a sufficient pleading of dedication as to said streets.

*Appeal from District Court, Silver Bow County.*

L. J. HAMILTON and THOMAS L. NAPTON, for the appellant.

The patent to the Smokehouse lead or lode claim reserves or excepts from its grant the streets and alleys of the city of Butte. The patent to the mine of plaintiff is no evidence of title as against the claim of this defendant. The city could not have filed an adverse claim in the land-office, for it has no such title or claim as would be recognized there. See Rev. Stats. U. S., sec. 2326. Although the patent may carry the title to the town lots, the reservation of the streets and alleys, as public highways, could be inserted in accordance with law, and would continue to exist regardless of the fact of insertion or not. See 1 Rev. Stats. U. S., p. 456, sec. 2477. And would seem to be recognized by law and common usage of the department. See *Deffeback* v. *Hawke*, 115 U. S. 392, end of case. The court allowed the plaintiff to introduce in evidence the notice of location of the Smokehouse lode claim. This notice of location, or declaratory statement, does not comply with the requirements of the territorial or United States statute, and cannot operate as a grant from its date unless it does so. The corners of the mine are not marked or designated by stakes or mounds, and for a permanent monument, the notice says that it is in the town of Butte City. This right of way for the streets and alleys of the city is an 'incorporeal hereditament, and the plaintiff, as an infinitesimal part of the public, is seeking in an action of ejectment to recover it for himself as one of the public. Defendant's motion for a nonsuit should have been sustained, and the exception to its being overruled by the court is fatal to the case, and the judgment of this court should be to order a judgment in the lower court in favor of defendant for its costs. Our highest

courts and best authorities all agree that this character of action cannot be maintained. See *Cincinnati* v. *White*, 6 Pet. 431; 10 Curt. Dec. 192; Wait's Trial of Title to Land, secs. 131, 132, et seq.; Washburn on Easements, 693, 178, 179; 68 N. Y. 1; 2 Dillon on Municipal Corporations, 3d ed., sec. 665, p. 664.

The case of *Silver Bow Mining and Milling Co.* v. *Clark et al.*, 4 Mont. 417, has nothing to do with the case. Here we have an easement,— an incorporeal hereditament; and can it be recovered in ejectment against a municipality? No such action is reported, and none can be cited by counsel.

Plaintiff recognized the prior existence and right of the city in his notice of location, and accepts a patent with such a recognition. If this notice of the Smokehouse lode does not meet the requirements of the law, it was no grant at its date, and the land-office had no jurisdiction, and its action can be attacked collaterally or by a direct proceeding or by cross-bill in an action of ejectment. See *Sanford* v. *Sanford*, 13 Pac. Rep. 602; *Bohall* v. *Dilla*, 114 U. S. 47; *Smelting Company* v. *Kemp*, 104 U. S. 636–641; *Sparks* v. *Pierce*, 115 U. S. 408; *More* v. *Robbins*, 96 U. S. 530.

How can a patent, which is only to perfect a title already initiated, do so when one of the main steps in the initiation of title is wanting? *Steel* v. *Smelting Co.*, 106 U. S. 450–457; see secs. 2386, 2392, Rev. Stats. U. S. This, under the decisions of our own court and that of other states and territories, was not a valid existing claim or possession such as would vest the title in the locator or discoverer. See *Butcher* v. *Hauswirth*, 4 Mont. 299, and cases cited; *Stripey et al.* v. *Stork et al.*, 7 Col. 614.

The court refused the offer of testimony, made by defendant, in reference to dedication to public uses of the streets and alleys of Butte City, holding that dedication

was not properly pleaded. It would seem that dedication to public use is a very simple plea in an answer. The pleading is good. It operates by way of an estoppel. See 2 Dillon on Municipal Corporations, secs. 628, 629, and the innumerable authorities there cited; *Valentine* v. *Boston*, 22 Pick. 75, 1 Ohio St. 444; *Baker* v. *Johnson*, 21 Mich. 319; *Hannibal* v. *Draper*, 15 Mo. 638; *Roger* v. *McLeay*, 29 Mo. 356; 29 N. J. Eq. 208; 99 U. S. 201. See Judge Dillon's comments on the Cincinnati case, *supra*, in section 630 of his work. With his summing up of a dedication we are willing to rest the validity of the pleading. Our territorial statutes make all public roads highways that had an existence since 1867. See Cod. Stats. of Mont., 1871, p. 541, sec. 5. And our territorial government has full authority in the premises; for it does not interfere with the primary disposal of the soil, and is thereby not in conflict with the organic act.

W. W. Dixon, for the respondent.

This is a part of the case of *Talbot et al.* v. *King et al.*, 6 Mont. 76, and of the case of *Murray* v. *Buol*, and other Smokehouse cases, 6 Mont. 397. All these are known as the Smokehouse cases. The case of *Silver Bow M. & M. Co.* v. *Clark et al.*, 5 Mont. 378, is similar to the Smokehouse cases. See also *King* v. *Thomas*, 6 Mont. 409. The law as laid down in these cases must be taken as settled, so far as this court is concerned. To these cases, and the briefs of counsel and the opinions of the court therein, respondent refers, and relies for an affirmance of the case at bar.

There are two points made by appellant, which it seems to claim are not covered by the former decisions of this court: 1. That ejectment cannot be maintained against a municipal corporation claiming only control of the streets or public highways; and 2. That, by cer-

tain alleged acts of plaintiff or his grantors, the streets
of Butte have been dedicated as public highways.  As to
the first point the appellant relies mainly upon *Cincin-
nati* v. *White,* 6 Pet. 431.  The doctrine of the court
may have been correct as to the old common-law action
of ejectment, but is not as to ejectment under our code
practice, which is a method of trying title to land.  In
the case at bar the city of Butte claimed control of the
streets by virtue of its charter.  Under its charter it will
be seen that the powers of the city over streets are very
extensive.  Act of February 21, 1879.  Such powers in-
clude every element of possession in fact, and are utterly
inconsistent with the rights of the owner of the fee.
That ejectment will lie in cases like the one at bar, see
Sedgwick and Wait on Trial of Title to Land, secs. 131,
132 (cited by appellant), and same, sec. 161, and author-
ities cited.

The authorities cited by appellant establish only this:
that when a dedication to public use, or the existence of
a public easement in land, is admitted or proved, eject-
ment will not lie.  In the case at bar the very question
in issue was whether there had been any dedication of
the streets.  As to the second point,— that the streets of
Butte were dedicated as public highways,—the legislature
could not by charter confer such a right.  There is really
no plea of dedication in this case.  The plea, if it
amounts to anything, is an estoppel.  But a dedication
only operates by way of estoppel.  See 6 Pet. 438,
above referred to.  As an estoppel, both the plea and
the evidence in support of it lacked many necessary
elements.  As to what is necessary to constitute an estop-
pel *in pais,* see *Boggs* v. *Merced M. Co.,* 14 Cal. 279; *Hen-
shaw* v. *Bissell,* 18 Wall. 271; Bigelow on Estoppel, 493.
There is no charge of fraud in the procuring of the
Smokehouse patent, no claim to have it set aside, and no
cross-bill.  The court below was right in striking out all

the evidence on the part of appellant offered to prove a dedication of the streets. A dedication must be proved, not presumed, and be established by satisfactory evidence, not inferred. And the intent of the owner to dedicate must exist and must be proven. Dillon on Municipal Corporations, sec. 636, note; *State* v. *Trask*, 6 Vt. 355; 27 Am. Dec. 554.

BACH, J.—This is an action of ejectment, brought by the plaintiff to recover the possession of certain real estate situated in Silver Bow County. The property sought to be recovered is comprised in the streets of the city of Butte. The defense interposed was that the defendant claimed, and claimed only, an easement,—a right of way over the property described in the complaint. Judgment was granted in favor of plaintiff. Upon the trial the plaintiff introduced in evidence a United States patent for mineral land, which includes the premises in question, also the application for patent, including the notice of location, dated April 16, 1875, and recorded April 22, 1875, and certain conveyances from the patentees to the plaintiff. Plaintiff then rested; thereupon the defendant disclaimed any title whatever to the fee-simple estate in the ground in controversy. One of the original locators of the mining claim was then called as a witness for the defendant; and counsel offered to prove by this witness that "when the witness located this ground there were public streets and highways." It appears from other questions that these streets and highways were those the right to the possession of which is the subject of this controversy. Upon objection the offer was refused, and exception was taken to the ruling of the court. Upon the examination of this witness, and prior to this offer, the witness was asked if Broadway, Park, and Granite streets did not exist at the time of location of the mining claim. Upon objection, the question was

disallowed, and exception was taken to the ruling of the court.

Were these rulings of the court erroneous? We think that they were. Section 2477, Rev. Stats. U. S., reads as follows: "The right of way for the construction of highways over public lands not reserved for public uses is hereby granted." This law is a grant to the public of an easement for the purpose therein mentioned; and it has been decided by this court that such a law is "the highest evidence of title." See *Northern Pac. R. R. Co.* v. *Majors,* 5 Mont. 111.

The law, then, was a grant of an easement for a public use.

The case of *City of Cincinnati* v. *White's Lessees,* 6 Pet. 431, and 10 Curt. Dec. 179, is a leading case upon the question of dedication of land for public use. It is there held: "There is no particular form or ceremony necessary in the dedication of land to public use. All that is required is the assent of the owner of the land, *and the fact of its being used for the public purposes intended by the appropriation.*" See also *Smith* v. *Town of Flora,* 64 Ill. 93.

The offer to prove and the question asked by defendant's counsel, above referred to, were an attempt to prove the actual acceptance by the public of the easement granted, by proving actual user and occupation, prior to the location of the mining claim, and for the purposes included within the grant. But it is claimed by counsel for respondent that the evidence sought to be introduced was immaterial, because the appellant waived its right by failing to adverse the application of respondent for a United States patent; and respondent relies upon the cases heretofore decided by this court, known as the *Smokehouse Cases,* and reported in 6 Mont. 397. Those cases followed the rule announced by the Supreme Court of the United States in *Deffeback*

v. *Hawke*, 115 U. S. 392, and they (as far as is herein concerned) decide that the location of a mine is the inception of a title, and that the patent, when issued, relates back to the location, and conveys to the patentee all the interest that the government had at the time of the location; and they further decide that any person seeking to derive title from the United States, the inception of whose title is subsequent to the filing of the location, must adverse the application for mineral patent. It is further decided by those cases that a grant by the United States conveys all the interest that the United States has at the time of the grant, and no greater interest. The rule in all cases is that a grantor cannot, as against his prior grantees, convey more than such grantor has at the time of the conveyance. In other words, where A grants certain property to B, B is not deprived of such property by reason of a subsequent grant from A to C. The United States in this respect differs from no other grantor; and the United States cannot, by patent, convey to any grantee a greater right than it has at the time of such grant. If the rule was otherwise, every patentee of a mining claim would have to adverse every subsequent application for a patent to the same claim, which would result in endless litigation. We think the true rule of law is, that where a person holds a valid grant from the government, he need not concern himself about any subsequent attempt by the government to convey the same property to another person; and the *Smokehouse Cases*, and the case of *Deffeback* v. *Hawke*, above cited, are authorities on this point. As the learned judge says in the case last cited: "The land had then ceased to be the subject of sale by the government. It was no longer its property." So in the case at bar. Section 2477 was a grant by the government of an easement, and defendant sought to prove an acceptance prior to the location upon which the

patent was based.  If such an acceptance of the grant of the easement could have been established, it would have been valid against the government, and therefore valid against the subsequent grantees of the government, who must take the land in question subject to any easement which was valid against the government at the time of the location.

It is further insisted upon by the respondent that the answer contains no allegation in support of which the offer and question which we have considered were competent.  The grant of the easement sought to be established is a law of Congress, and need not be pleaded specially, as this court takes judicial notice thereof.  As to the allegation of acceptance by the public as to Park and Main streets, the answer asserts that those streets "have been public highways ever since the year 1866, and have ever since said date been duly and legally recognized as such, and have ever since been used by the public as such."  We think that this is a sufficient pleading of dedication, at least as to those streets.

The error is properly before this court for review.  It was a material error; and the judgment, and the order denying a motion for a new trial, are reversed, and the case is remanded for new trial.

*Judgment reversed.*

McCONNELL, C. J., and McLEARY, J., concur.