50 P.(2d) 856

SOWDER v. CITIZENS NAT. BANK OF LUBBOCK, TEX., et al.

No. 4075.

Supreme Court of New Mexico.
Oct. 28, 1935.

Charles F. Fishback, of Ft. Sumner, for appellant.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellees.

BRICE, Justice.

The appellant (plaintiff below) filed an action to enjoin the sale of real property advertised by a special master to be sold under an order of sale to satisfy a mortgage debt, following a decree of foreclosure; and to require the appellee (defendant below) to cancel such mortgage of record. To the second amended complaint, appellee interposed a demurrer which the court sustained. The appellant having declined to amend his complaint, judgment of dismissal was entered, from which judgment this appeal is taken.

The allegations of the complaint, material to a decision, are substantially as follows: The appellant deeded real estate to Charles W. Fairweather and others, for which he was to receive other lands in exchange. The grantees in said deed mortgaged the land to the appellee bank to secure a note for approximately $1,500, which was indorsed by one Swart, and who paid said note, thereby discharging the mortgage, which should have been released of record. Appellee bank, whose debt had been paid, and who had no cause of action against appellant, brought an action against Fairweather and others, including appellant, to foreclose the mortgage mentioned. The property upon which such mortgage was foreclosed had been deeded by Fairweathers to appellant prior to such suit and the mortgage is a cloud upon plaintiff's title. A portion of the land upon which foreclosure was had was conveyed by appellant to Fairweathers through mistake and it belonged to a third party. Plaintiff intended to defend said foreclosure action and employed an attorney for such purpose, "but that by pressure of other matters and wholly by inadvertence, said attorney failed to answer or otherwise plead in behalf of the defendant and plaintiff was and is free from blame in said matter." An affidavit of the attorney is attached, showing that "I was engaged in other business and did not get said answer filed." Default judgment was entered in said cause through no fault of appellant.

The demurrer is upon three grounds and is substantially as follows:

(1) The object and purpose of suit is a direct attack upon the final decree of foreclosure and all of the matters pleaded except that with reference to the failure of his attorney to take care of his case could have been pleaded by way of defense to said cause within the time allowed by law.

(2) It appears upon the face of plaintiff's complaint that it is a direct attack upon said final decree of foreclosure that

appellant was duly served wiith summons therein and failed to answer or plead through no fault of appellees. The allegations with reference to the employment of an attorney are not matters and things constituting grounds for a direct attack by a separate suit upon the final decree and states no cause of action against defendants; but could only be pleaded for the purpose of setting aside a judgment or decree if timely filed as provided by section 105-843, N. M. Ann. Stats. of 1929, and could only be considered if timely filed.

(3) The plaintiff's complaint wholly fails to state any facts which would entitle him to the extraordinary relief sought.

Appellant states in his brief: " * * * The subject matter of our suit * * * is in nowise an attack on the judgment but is directed entirely against the execution." Also in his reply brief he states: "It seems proper to state that we do not consider the 'injunction phase' incidental but we do consider the demand for an injunction to be the main relief asked by us in the cause, and we call special attention of the Court to the fact that we have made no demand as to the decree in cause No. 4044 (the foreclosure action), save only that the execution thereof be enjoined."

It would appear, therefore, that appellant disclaims any idea of attacking the decree in the foreclosure suit and rests his case solely upon the alleged right to enjoin further proceedings towards selling the lands under the order of sale issued out of the foreclosure proceedings. The question, therefore, is whether the allegations of fact are sufficient to warrant such injunction.

Notwithstanding appellant disclaims any intent to directly attack the decree, yet such is the effect of his complaint and no other ground for the relief asked is alleged. There is no contention that the order of sale was not issued according to the rules of practice in such cases, or that the proceedings preparatory to a sale are defective.

The mere fact that appellant had a good defense to the action which was not presented at the trial is not an equitable ground for setting aside a decree, Bowers v. Brazell, 27 N. M. 685, 205 P. 715, and Bowers v. Brazell, 31 N. M. 316, 244 P. 893, nor is the mere fact that his counsel failed to appear and defend the case because of "pressure of other matters and wholly by inadvertence."

"It is not sufficient ground for relief in equity that a judgment was obtained against a party in consequence of the neglect, inattention, mistake, or incompetence of his attorney, unless caused by the opposite party. The fault is in such cases attributed to the party himself." 34 C. J. pp. 465, 466, title, "Judgments."

Also see 34 C. J. 442; Crim v. Handley, 94 U. S. 652, 24 L. Ed. 216. And see note to 10 Ann. Cas. 447, 448.

The decree then is not voidable on account of any facts alleged in the second amended complaint, and there is no claim that it is void; even if either would be a ground for enjoining the sale unless some irreparable injury is shown. 23 C. J., title, "Execution," § 458. Then we have a valid decree, an order of sale issued thereunder not attacked by reason of any vice in its issuance or execution, or upon any ground except that appellant had a good defense to the foreclosure suit which he did not avail himself of because of the negligence of his attorney. The execution of a decree cannot be enjoined on such ground.

The judgment of the district court should be and is affirmed.

It is so ordered.

SADLER, C. J., and BICKLEY and ZINN, JJ., concur.

HUDSPETH, J., did not participate.