284 P.2d 214

**Clyde KING and H. D. Payne, Plaintiffs-Appellees,**

v.

**Paul BROWN and Marie Brown, Defendants-Appellants.**

No. 5873.

Supreme Court of New Mexico.

May 25, 1955.

P. H. Dunleavy, Albuquerque, for appellants.

McAtee & Toulouse, Albuquerque, for appellees.

LUJAN, Justice.

This suit was for injunction to enjoin and restrain the defendants (appellants) from obstructing a certain road located in Rio Arriba County, New Mexico. The judgment was in favor of plaintiffs (appellees) hence this appeal.

The road is situated on land which was public domain and was established prior to the time James T. Bowling, patentee, and his successors in interest and title acquired the land, so we are dealing with the prescriptive right that accrued and ripened into title upon open public land of the United States while the land retained that character.

The court found:

"2. That the Defendants are owners of approximately 640 acres lying with-

in Section 34, Township 24, Range 2 West, N.M.P.M., Rio Arriba County, and that there bisects said property from east to west a road which in this suit has been described as the 'old Walker road'.

"3. That the old Walker road was in use by the general public prior to the year 1911, and has been used by the general traveling public continuously, openly, notoriously, peacefully and uninterruptedly since said time as a public road.

"4. That the property now owned by the Defendants, as well as all property lying all along the old Walker road, east from the public highway, described as State Highway No. 96, in 1911 and until after 1921 was public domain.

"5. That about 1923, James T. Bowling, predecessor in title to the Defendants, homesteaded said land and was issued a patent thereon by the United States Land Office.

"6. That the Defendants, on or about the 10th day of August, 1952, blocked and obstructed the old Walker road through their said premises in that they padlocked the gates on both the east and west entrances, and excavated across the area of said road on the westerly side of said property a large earthen dam or tank, which acts brought about the filing of the within suit.

"7. That the Defendant's land and all adjoining tracts of land have been enclosed by a fence since on or about 1927."

Based upon the above findings of fact the court concluded as a matter of law:

"1. That a prescriptive right of way is obtained by use alone and does not depend upon any statute.

"2. That if use of way is open, adverse, notorious, peaceable and uninterrupted, the owner of servient land is charged with knowledge of such user, and acquiescence in it is implied.

"3. That under federal statute and decision to establish a highway upon public domain, no particular time is necessary for use, nor is an acceptance of use or dedication by public authority generally a necessary requisite.

"4. That the time required to establish easement for right of way by prescription in New Mexico, is ten years.

"5. That under federal statute granting right to establish highway over public land, generally, the construction of a highway or establishment thereof by public user is sufficient.

"6. That public use is sufficient to constitute dedication of highway over public land.

"7. That adverse use of road over open public land of United States for a period of ten years prior to the time Defendant acquired title to the land through homestead, created a prescriptive right of user of road which could be enforced against defendant.

"8. The Court concludes that the use of this right of way has, for the ten year period, been open, adverse, notorious, the filing of this Complaint."

The defendants did not object or except to the findings of fact and conclusions of law made by the trial judge. However, they did submit requested findings of fact and conclusions of law which were refused by the court.

■ Fourteen errors are assigned which are argued under one point, as follows:

"There is no substantial evidence in this cause to prove that a public road was established over the defendants' land by deduction, acceptance by public user or by prescription."

It would serve no good purpose to set out the evidence in support of the above findings of the trial court. Suffice it to say that there is substantial evidence to sustain the same and they will remain undisturbed.

■ As to the law, this case is controlled by our decision in Wilson v. Williams, 43 N.M. 173, 87 P.2d 683, where the factual situation was similar to the case at bar. There we held that when a prescriptive right accrued and ripened into title upon public lands of the United States while the land retained that character, the person acquiring such land subsequent to the establishment of a road thereon took 'it subject to the public easement of a right of way on such land, although the same was never established by public authorities, and we reaffirm that holding. See, also, Murray v. City of Butte, 7 Mont. 61, 14 P. 656; Sprague v. Stead, 56 Colo. 538, 139 P. 544, and Streeter v. Stalnaker, 61 Neb. 205, 85 N.W. 47.

The court did not err in refusing to adopt defendants' requested findings of fact and conclusions of law since they were diametrically opposed to those made by the court. Guzman v. Avila, 58 N.M. 43, 265 P.2d 363.

The judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., concurring.