345 P.2d 748

Paul BROWN and Marie Anne Brown, his wife, Plaintiffs-Appellants,

v.

Clyde KING, Homer Blake Browning, sometimes known as H. Blake Browning, and sometimes erroneously known as H. P. Browning, and H. D. Payne, Defendants-Appellees.

No. 6553.

Supreme Court of New Mexico.

Oct. 29, 1959.

J. H. Burttram, R. P. Fullerton, Santa Fe, for appellants.

Edward P. Chase, James M. O'Toole, Albuquerque, for Clyde King.

McAtee, Toulouse & Marchiondo, B. J. Stephens, Albuquerque, for H. D. Payne.

McGHEE, Justice.

This case is a sequel to the case of King v. Brown, 1955, 59 N.M. 325, 284 P.2d 214, where we upheld a judgment declaring a certain road on the property of the Browns was a public road.

In the present case in count 1, the appellants Brown sought judgment for damages against the appellees King and Payne who were plaintiffs in the former case in their first cause of action on the following grounds:

(a) Fraudulently leading them to believe the original suit would be settled in the district court;

(b) Securing a surprise setting of the case and preparing for trial without appellants having proper notice within which to secure witnesses and prepare for trial, thereby depriving the court of fair and impartial testimony;

(c) Securing and presenting, or allowing to be presented false testimony, knowing the same to be false, whereby the court was induced to adjudge what is described as the old "Walker Road" to be a public road.

Damages were asked in the sum of $122,561.92.

Under count 2 they sought damages against the appellees for $7,958 for obstructing, digging pitfalls in and dams across the same road so that the appellants were unable to use it, including also damages to their truck claimed to have been damaged by reason of a pitfall.

Summary judgment was rendered for the appellees under both counts, and this appeal followed.

Following a two-day hearing in the original case, the trial court entered judgment as above indicated, and shortly thereafter the defendants in that case filed a motion under Rule 60(b) 1953 Comp. § 21–1–1(60)(b), substantially setting up all matters which form the basis of their action under count 1 except the claimed snap or surprise setting, and attaching to the motion three affidavits of parties clearly contradicting the claims of the plaintiffs and the findings of the trial court in that case.

The day following the hearing on the motion it was denied by the trial judge, Hon. Waldo Rogers, then a state judge, whereupon Brown asked to be allowed to testify, and he testified that he did not get notice of the setting from his lawyer until the night before the trial, arriving in court shortly after it started. At the conclusion of Brown's testimony the motion to vacate was again denied, with the observation by the trial court that although Brown was present at the two-day trial he did not see fit to become a witness. It was established at such hearing through the undisputed statements of counsel, fortified by the read-

ing of letters, that ample notice was given of the setting to the attorney for the Browns, and there was no intimation of any short setting or collusion. If any one was to blame for the Browns not receiving early notice it must have been their attorney, and the opposing litigants are not responsible for any shortcoming in that regard. Sowder v. Citizens National Bank of Lubbock, Texas, 1935, 39 N.M. 508, 50 P.2d 856.

Following the denial of the motion to vacate the judgment under Rule 60(b), an appeal was taken to this court but the denial of the motion was not mentioned here.

The principal answer of the appellees to count 1 is that it is a collateral attack against the former judgment. They realize that an equity action lies to avoid judgment procured by fraud, but strongly insist this is a plain action at law for damages for procuring such judgment, and with this contention we must agree.

■ In their reply brief the appellants recognize their dilemma and ask us to remand the case to the lower court with directions to permit them to convert it into an equity action, but we have no disposition to grant such request. In addition there was a contempt case against Brown for obstructing the road. As a defense he interposed the claimed illegality of the original judgment but was unsuccessful and was found guilty. The plaintiffs here have had three unsuccessful bites at the cherry, and there must be an end to litigation. Box v. Rundell, 10 Cir., 179 F.2d 626.

The judgment of dismissal on the first cause of action is affirmed.

■ Although both King and Payne were defendants in the second cause of action, an appeal was taken only as to Payne.

King in his brief answered only point 1 of the appellants' brief which related to the securing of the judgment in the original case. Payne merely adopted King's answer brief, and we do not have an answer brief on the second cause of action.

In Payne's motion for a summary judgment as to count 2, the sole ground urged was that it was apparent from a reading of such count that it was not intended that he be made a party as he had sold his property in the vicinity of the road in the year 1955, and that since said time he had been divested of any interest directly or indirectly in the land he formerly owned.

He is, however, faced with the charge of building two dams across the road, and of digging pitfalls in it whereby the Browns were deprived of the use of the public road, and their truck sustained substantial damage.

The rendition of summary judgment as to count 2 was likely inadvertent, but as a valid cause of action was stated therein that part of the judgment must be reversed.·

The appellants will be allowed to recover half of the costs of this appeal.

It is so ordered.

LUJAN, C. J., and COMPTON, J., concur.

CARMODY and MOISE, JJ., not participating.