373 P.2d 545

**SECURITIES ACCEPTANCE CORPORATION OF SANTA FE, Plaintiff-Appellant,**

v.

**Joe M. VALENCIA, Abran Valencia, and Abel B. Maez, d/b/a Abe & Joe's Auto Sales, Defendants-Appellees.**

**No. 7012.**

Supreme Court of New Mexico.

July 5, 1962.

Rehearing Denied Aug. 14, 1962.

**308**

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

McKenna & Sommer, Santa Fe, for appellees Joe M. and Abran Valencia.

COMPTON, Chief Justice.

The question presented is whether the action was correctly terminated by summary judgment of dismissal. Involved is Section 6(2) (3) (a) (b), Chapter 151, Laws 1947, Section 50–13–6(2) (3) (a) (b), 1953 Compilation, the Uniform Trust Receipt Act. Since the section has been repealed, Chapter 96, Article 10, Laws 1961, we quote its pertinent provisions:

"2. An entruster entitled to possession under the terms of the trust receipt or of subsection 1 may take such possession without legal process, whenever that is possible without breach of the peace.

"3. (a) After possession taken, the entruster shall, subject to subdivision (b) and subsection 5, hold such goods, documents or instruments with the rights and duties of a pledgee.

"(b) An entruster in possession may, on or after default, give notice to the trustee of intention to sell, and may, not less than five [5] days after the serving or sending of such notice, sell the goods, documents or instruments for the trustee's account, at public or private sale, and may at a public sale himself become purchaser. * * * Notice of sale shall be deemed sufficiently given if in writing, and either (i) personally served on the trustee, or (ii) sent by postpaid ordinary mail to the trustee's last known business address."

Under date of June 12, 1959, the appellant entered into various trust receipt agreements with the appellees for the financing of some 14 motor vehicles. Thereafter,

the appellees defaulted in payments thereon and the appellant repossessed the vehicles and sold them at private sale without giving any notice whatever of intention to sell or notice of the actual sale thereof. At the sale, the vehicles failed by $5,988.78 to satisfy the amount due under the terms of the agreements and this action is to recover such deficiency, together with attorney fees and cost.

The complaint alleges that the vehicles were sold after due notice to the appellees. The appellees moved for summary judgment on the ground the complaint failed to allege that written notice of the sale was given. Attached to appellees' motion is an affidavit to the effect that no such written notice was given.

Thereupon, the appellant moved to amend its complaint to show compliance. The court delayed ruling on the motion for summary judgment and permitted the appellant first to develop facts before the court, if it could, to show compliance with the statute, that is, that written notice had been given. At a hearing on the motion to amend, the witness Foss, the general manager of the appellant, was called and testified that after repossession, the vehicles were left on appellees' car lot and sold therefrom by him from time to time over a period of some 60 to 90 days after repossession and, that while no written notice was given as designated by the statute, the appellees had actual notice and knowledge of the sale.

The court concluded that since appellant was unable to allege that written notice of the sale had been given, the motion to amend was denied and summary judgment was granted, from which this appeal is taken.

■ The law is well settled that the sale of pledged property can only be made after notice to the pledgor of the time and place of sale; nevertheless, the parties by written stipulation may dispense with notice of sale. Atlantic National Bank of Boston v. Korrick, 29 Ariz. 468, 242 P. 1009, 43 A. L.R. 1184. See Third Jones on Pledges, §§ 611, 611a. We recognize the holder of the trust receipt is not to be regarded as a mere pledgee, 49 A.L.R. 282, 288; 168 A. L.R. 359, 363, but we perceive of no reason for requiring a stricter rule regarding notice of sale after default in a trust receipt transaction than in other secured transactions.

■ Actual notice of sale is sufficient and dispenses with statutory notice. Third Jones on Pledges, § 613. Compare Russell v. Starr, 56 N.M. 49, 239 P.2d 735; Donarski v. Lardy, 251 Minn. 358, 88 N.W.2d 7. See also Johnson v. Ryan, 43 N.M. 127, 86 P.2d 1040; Nissen v. Miller, 44 N.M. 487, 105 P.2d 324; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365.

**310**

Section 50–13–6(2) (3) (a) (b) is couched in permissive language. It says an entrustee "may" give notice of intention to sell and after notice "may" sell. It also specifies what shall be deemed sufficient notice. It in no way indicates that the notice which is specified as being sufficient is the only notice permitted or the exclusive method. We know of no reason for holding that actual notice is not sufficient and dispenses with the notice provided for in the statute and stated to be sufficient.

We conclude that the proof would support a finding that the trustee had actual knowledge of the sale and this issue cannot be resolved by summary judgment. Where there is the slightest doubt as to whether a factual issue exists, summary judgment is not proper. Ginn v. MacAluso, 62 N.M. 375, 310 P.2d 1034; Brown v. King, 66 N.M. 218, 345 P.2d 748.

We have considered appellees' cross-appeal and, in view of what has been said, it is found to be without merit.

The judgment should be reversed with direction to the lower court to proceed in a manner not inconsistent herewith. IT IS SO ORDERED.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.