UNITED STATES, for Use of BIRMING-
HAM SLAG CO., v. PERRY et al.
No. 9473.

Circuit Court of Appeals, Fifth Circuit.
Nov. 29, 1940.

William Marvin Woodall, of Birmingham, Ala., for appellant.

H. H. Grooms, of Birmingham, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

To decide this case, we must determine whether under Section 2 of the Miller Act, 49 Stat. 794, 40 U.S.C.A. § 270b, actual notice to a contractor that his subcontractor has failed to pay a claim for material furnished, when given by ordinary mail and not by registered mail, is sufficient to vest in the materialman a right of action on the contractor's payment bond.

The question arose in this way: On June 30, 1938, the United States, acting through the Farm Security Administration, entered into a written contract with W. J. Perry, a general contractor, for certain construction work on the Cahaba Project in Alabama. Perry furnished a payment bond in standard government form, as required by the Miller Act, with the United State Fidelity and Guaranty Company as surety. Perry sublet a part of the work to P. E. Kidder, a subcontractor approved by the Farm Security Administration. The Birmingham Slag Company furnished Kidder with building materials used on the work, in the amount of $4,344.25, completing the delivery on September 28, 1938.

The work was completed on October 18, 1938, on which date Perry paid Kidder all that was due him under the subcontract. Kidder did not pay the Birmingham Slag Company for the materials furnished, and, on December 1, 1938, the company dispatched a letter by ordinary mail to the Farm Security Administration stating that it had an unpaid account against Kidder, and inquiring whether the work had been completed and Kidder paid. The Farm Security Administration thereupon sent a letter by ordinary mail to Perry, on December 10, 1938, advising him that the balance of the contract price due him could not be paid until the materialman's claim was paid, and inclosing to him a copy of the letter received by the Administration from the Birmingham Slag Company.

The district court found as a fact that Perry had actual notice of the materialman's claim through the letter from the Farm Security Administration, but reached the conclusion that such notice, being by ordinary mail, did not vest a right of action on the bond in the materialman; that the statute conferring the right of action specified only two ways in which notice might be given: by registered mail, or in any manner by which the United States Marshal of the district might serve a summons; that these requirements of the statute were not merely directory, but were mandatory; and that the service of notice in one of the two specified ways was a condition precedent to a right of action on the bond. The court, therefore, concluded as a matter of law that appellant had no right of action against Perry and his surety, from which ruling this appeal is brought.

■ Since no contractual relationship existed between the Slag Company and the contractor, it is clear that it has no right of action against him and his surety as a matter of common right. If such right of action exists, it must be by virtue of special statutory authorization. Section 2 of the Miller Act, supra, vests a right of action upon the contractor's payment bond in materialmen who deal only with a subcontractor under governmental contracts for public improvements, provided the contractor is given written notice within a limited time. And "such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States Marshal of the district in which the public improvement is situated is authorized by law to serve summons." Under this statute, is actual notice by ordinary mail sufficient?

This precise question was answered affirmatively by the Circuit Court of Appeals for the Second Circuit,[1] and negatively by the Circuit Court of Appeals for the Sixth Circuit.[2] The Supreme Court, in view of the conflict evidenced by these decisions, granted certiorari to the Second Circuit, and, on November 12, 1940, handed down its decision. Fleisher Engineering & Construction Co. et al. v. United States, 61 S.Ct. 81, 85 L.Ed. ——. That case presented the same issues as those here in controversy. The court held that the purpose of the statutory provision relative to registered mail was to assure receipt of the notice, and not to make the prescribed method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received.

The notice in this case was sufficient to vest in the materialman a right of action on the payment bond, and the action of the district court dismissing the complaint was improper. Its judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] United States v. Fleisher Engineering & Construction Co., 107 F.2d 925.

