Henry A. Hudson, J.
This is a motion to dismiss the plaintiff’s complaint on the ground that it does not state facts sufficient to constitute a cause of action, which was made at the opening of the trial of this case.
The action is brought by Central Asphalt, Inc., a materialman, for materials furnished to Eagle Contractors of Utica, Inc., subcontractors to Peerless Construction Co., prime contractor, under a construction contract with the United States Government for an unpaid balance due it from the subcontractor Eagle Contractors on such materials. The action is directed against funds held for the Industrial Bank of Utica, an assignee of Eagle Contractors, of all moneys due Eagle Contractors from Peerless under a valid assignment for moneys loaned Eagle by such bank.
*972 The plaintiff proceeded under section 270b of title 40 of the United States Code, commonly known as the Miller Act by filing its claim pursuant to such act, with the Peerless Construction Company, prime contractor, on or about November 15, 1952 within the statutory period of 90 days after the last delivery of material. The claim has never been paid and no further action was taken by plaintiff until the statutory period of one year after completion of the contract had expired. After the filing of plaintiff’s claim the subcontractor, Eagle, assigned all moneys due it from Peerless to the defendant bank. Peerless held all moneys available to it due Eagle until the rights of the parties between themselves were determined.
The plaintiff did not within the statutory limit of one year under the Miller Act, commence its suit for the payment of its claim on these funds and therefore failed to bring itself within the statutory requirement. The question is now presented whether plaintiff can come in under the theory of having an equitable lien on the proceeds realized under the contract without having availed itself of the legal remedy it could have by commencing suit under the statutory period.
Section 270b created a cause of action unknown to common law, upon the terms named in the statute. Any right conferred upon the plaintiff came to it by the provisions of such act and any remedy it had to recover flowed directly therefrom. The period of limitation set up therein must be regarded as a matter of substance limiting the right as well as the remedy and' the commencement of a suit within the prescribed period of one year is in my opinion a condition precedent to recovery. Such period of limitation may not be extended or modified by a State statute. (Civ. Prac. Act, § 23; United States v. Boomer, 183 F. 726, 730; Osbourne v. United States, 164 F. 2d 767, 768; Citrone v. Palladino, 77 N. Y. S. 2d 489; Hill v. Board of Supervisors of Rensselaer County, 119 N. Y. 344; Belknap Hardware & Mfg. Co. v. Ohio Riv. Contract Co., 264 F. 676; East 7th St. Realty Co. v. Damm, 196 Misc. 920.)
It is unfortunate indeed that this plaintiff did not avail itself of the plain remedy provided by the statute since funds to satisfy its claim were then readily available. Having failed to do so, in view of the strict requirement of the statute, I am constrained to hold that plaintiff is not entitled to any right, equitable or otherwise in the funds in the hands of or available to the defendant herein and the motion of defendant must be granted, with $10 costs.
An order in accordance with this decision may be submitted.