**UNITED STATES of America, for the use and benefit of NOLAND COMPANY, Inc., Plaintiff,**

v.

**SKINNER & RUDDOCK, Inc. and United States Guarantee Company, Defendants.**

**Civ. A. 4852.**

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 22, 1958.

Robinson, McFadden & Dreher, James F. Dreher, Columbia, S. C., for plaintiff.

Meyer, Goldberg, Hollings, Lempesis & Uricchio, Robert M. Hollings, Charleston, S. C., for defendant.

WYCHE, District Judge.

This suit was commenced on April 9, 1955, by Noland Company, Inc. as use-plaintiff in the name of the United States of America, pursuant to the provisions of the Miller Act (40 U.S.C.A. § 270a et seq.) for certain amounts due to the use-plaintiff for materials sold to Williams Piping and Heating Company, for which indebtedness the defendant Skinner & Ruddock, Inc. and its bonding company, the defendant United States Guarantee Company were alleged to be liable under the Miller Act and under a bond given by the defendants pursuant to the Act.

On March 29, 1956, the Honorable Ashton H. Williams, United States District Judge, referred the claim to James B. Heyward, Esq., Standing Master, to take testimony and to report his Findings of Fact and Conclusions of Law thereon.

The Master filed his Report in which he found, among other things, that the total balance owed by Williams Piping and Heating Company to the use-plaintiff was Three Thousand, Three Hundred, Twelve and 11/100 ($3,312.11) Dollars; that a certain letter dated November 2, 1953, sent by the use-plaintiff to the defendant Skinner & Ruddock was sufficient in form to constitute notice of a claim under the Miller Act so as to render the defendants liable to the use-plaintiff for the indebtedness of Williams Piping and Heating Company, but that, in equity, the defendants should not bear the entire indebtedness, and he recommended that the plaintiff have judgment against the defendants for one-half of the amount. To this Report, both the plaintiffs and the defendants filed objections, and these objections to the Master's Report are now before me.

After hearing arguments and reviewing the objections to the Master's Report, I have reached the conclusion urged upon me by counsel for each of the parties herein, that the Master was not correct in recommending judgment for the plaintiff for one-half of the amount due. The claim herein asserted is under the Miller Act; this statute prescribes the measure of recovery, and if liability under it exists then the liability is for the full amount due.

The United States Supreme Court in United States for Use of Texas Portland Cement Co. v. McCord, 1914, 233 U.S. 157, 34 S.Ct. 550, 552, 58 L.Ed. 893, held: "By this statute (a predecessor of the Miller Act) a right of action upon the bond is created in favor of certain creditors of the contractor. The cause of action did not exist before and is the creature of the statute. The act does not place a limitation upon the cause of action theretofore existing, but creates a new one upon the terms named in the statute."

The right of action under the Miller Act is a creature of the statute and is not available even under equitable principles and this remedy on ordinary principles of jurisprudence cannot be whittled down or cut back by equitable considerations. Therefore, if the plaintiff has complied with the Miller Act in the case at bar, it would be entitled to full recovery of the amount due.

The main question in this controversy is whether the use-plaintiff has so complied with the Miller Act as to have a cause of action against the defendants. This question is raised by the defendants' third objection to the Master's Report wherein they objected to the Master's finding as a matter of law that the letter of November 2, 1953, was sufficient "in form" to constitute notice of a claim

under the Miller Act and wherein they objected to his basing said conclusion on mere findings that said letter accurately stated the amount due and the party to whom the material was furnished, in that said elements alone are not sufficient compliance with the Miller Act and in that, as a matter of law, there was no compliance with the additional requirement of the Miller Act, since the letter failed, in substance, to advise that the use-plaintiff was looking to the defendant Skinner & Ruddock for the payment of Williams' account.

The Miller Act is as follows, 40 U.S.C. A. § 270b: "(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public .improvement is situated is authorized by law to serve summons.

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs or expenses of any such suit."

On November 2, 1953, the plaintiff sent to the defendant Skinner & Ruddock the following letter: "Noland Company Incorporated 1409 Taylor Street Columbia 1, South Carolina November 2, 1953 Skinner and Ruddock Construction Company Charleston, South Carolina Att: Mr. Benton Gentlemen: In accordance with a request made by your Mr. Skinner, this is to advise that as of this date Williams Piping and Heating Company owes the Noland Company $3,128.11 on the Officers Mess job at Charleston Airbase which monies were due and payable in October. We feel sure that this customer will pay us as soon as sufficient collections are effected, and we are glad to work with you in any way for the mutual betterment of everyone concerned. Very truly yours, Noland Company, Inc. S/B.H. McGehee B. H. McGehee Credit Manager"

It is stipulated that this letter was received by the defendants Skinner & Ruddock and that it was the only written notice of the indebtedness sent to the said defendant.

The first case in which the sufficiency of notice under the Miller Act was considered by the United States Supreme Court is Fleisher Engineering & Construction Co. v. United States for Use and Benefit of Hallenbeck, 1940, 311 U.S. 15, 61 S.Ct. 81, 83, 85 L.Ed. 12. In that

case the Supreme Court pointed out that the Miller Act statute requiring notice was physically divisible into two functional parts. The first part spelled out "the essence of jurisdiction over the case" or the "condition of the liability" on the bond, and was "clearly made a condition precedent to the right to sue". The second part of the Act set forth the mode by which the statutory requirements of notice set out in the first part should be complied with. Compliance in substance with the first part was absolutely essential to jurisdiction, whereas the second part should be construed liberally to give the statute its remedial effect.

From reading the Report of the Standing Master, it appears that he failed to distinguish between these two aspects of the Miller Act. On page 8 of his Report the Master in defining this issue of the sufficiency of the letter of November 2, 1953, to serve as Miller Act notice, limits himself to consideration of whether or not the letter was sufficient "in form". The Master in his Report states in disposing of this matter, "The Statute says it (the letter) must state with substantial accuracy the amount claimed, and this was done. The party to whom the material was furnished and this was done." In my opinion, these findings are incomplete and by implication they incorrectly state the law, in that, in emphasizing the requirement that the statement of the amount due be accurately set forth in the letter, they ignore the main requirement that the letter, in substance, must be an assertion of a claim against the person or firm to whom the letter is addressed.

The Supreme Court in the Fleisher case, supra, in affirming the opinion of the Circuit Court of Appeals, Second Circuit, specifically approved the opinion, which held as follows (see, United States for Use and Benefit of Hallenbeck v. Fleisher Engineering & Construction Co., 2 Cir., 107 F.2d 925, at page 928): "The object of requiring notice to the principal contractor was doubtless to enable him to withhold payments from a subcontractor until the latter should pay his own men who had worked on the job. The apparent purpose of providing for notice by 'registered mail' was to insure receipt of the notice."

In United States for Use and Benefit of American Radiator and Standard Sanitary Corp. v. Northwestern Engineering Co., 8 Cir., 1941, 122 F.2d 600, 601, the Court had before it a situation where the defendant general contractor received from the subcontractor as issued, all invoices issued by the use-plaintiff to the subcontractor covering materials supplied by the use-plaintiff on the job. Each of these invoices was a substantially accurate statement of the amount due, and the subcontractor to whom the materials were furnished was named therein, but in passing upon the adequacy of these writings as a "notice of claim" against the contractor required by the statute, the Court held at page 603: "Plaintiff argues that, if a written notice was necessary, the invoices which it issued to the subcontractor as the materials were being furnished, and which the subcontractor appears in turn to have given the general contractor for use in arriving at the estimated payments which the government was to make during the progress of the work, should be regarded as a sufficient compliance with the statute. But the invoices were not presented to the contractor *as the basis for a claim on the bond*. They were furnished by the plaintiff to the subcontractor as an ordinary commercial incident. When they were turned over by the latter to the general contractor, they were intended merely to indicate the material that had been furnished. They did not purport to show what payments had been made to plaintiff, or what amount was owing from the subcontractor within ninety days *after the last of the material had been supplied.* They clearly did not constitute a written notice on the part of the plaintiff to the general contractor, *intended as the assertion of a claim upon the payment bond,* and 'stating with substantial accuracy the amount claimed and the name of the party to

whom the material was furnished'. They could accordingly not be treated as a substitute for the *written notice of claim which the statute imposed as a condition precedent to any right of action upon the bond."* (Emphasis added.)

To the same effect, the Court in United States for Use of Bruce Company, Inc., v. Fraser Construction Co., D.C.W.D.Ark. 1949, 87 F.Supp. 1, at page 5, said of the Miller Act: "The requirements of the statute were inserted so that a contractor might, after withholding payments to a sub-contractor for 90 days, pay the latter with immunity from undisclosed claims of materialmen. Notice, as stated by the Court of Appeals for the 8th Circuit in the Northwestern Engineering case, supra, was intended to be the presentation of a claim. Thus, as appears from the statute, it was believed that written notice stating with substantial accuracy the amount and to whom furnished would best effectuate this intention. * * * No matter how liberal a construction is placed upon the required 'written notice' the notice given *must in substantial effect amount to the presentation of a claim,* and the form and manner of presentation must be such as to so advise the contractor furnishing the bond."

The language above quoted from the foregoing cases which arose in the Eighth Circuit is similar to that which the Supreme Court of the United States had before it and approved in affirming the judgment of the Circuit Court in the Fleisher case, supra. This specific question has come before the courts of the Ninth Circuit, where the same rule has been expressed as being applicable.

In the case of Bowden v. United States, 9 Cir., 239 F.2d 572, in a case much stronger on the facts than the case here, the Court held, at page 577: "We think the teaching of the cases which have dealt more soundly with questions regarding the sufficiency of notice when it is required to be given by Section 270b (a) may be fairly summarized as follows: The giving of the written notice specified by the statute is a condition preced-ent to the right of a supplier to sue on the payment bond; the writing must be sent or presented to the prime contractor by or on the authority of the supplier; and *the writing must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill."* (Emphasis added.)

While the specific question has not been considered by the Court of Appeals of this Circuit, its decisions involving the question of a claimant's power to waive his rights under Miller Act type bonds indicate an adherence to the rationale of the foregoing decisions.

In the case of United States for Use of Noland Company v. Wood, 4 Cir., 1938, 99 F.2d 80, and in Kansas City Marble & Tile Co. v. Penker Construction Co., 4 Cir., 1936, 86 F.2d 287, the Court of Appeals of this Circuit held that the right of action in a case of this character might be waived or disaffirmed so as to defeat recovery even where compliance with the Act in all formal aspects exists. There is, in my opinion, little practical difference between the disaffirmance of claim involved in those cases considered in this Circuit and the non-assertion of a claim considered in those cases herein quoted, which arose in the Second, Eighth and Ninth Circuits, and for this reason, and particularly in view of the Supreme Court's approval of the language of the opinion of the Second Circuit in the Fleischer case, supra, I consider the reasoning of those opinions binding upon me in this case.

Having regard for the substantial requirements of Miller Act notice as expressed in the foregoing opinions, I am of the opinion that the letter in this case does not comply with the Miller Act as a matter of law.

The letter explicitly states that it is pursuant to a request made by Mr. Skinner, which request testimony indicates sprang from considerations foreign to the Miller Act operative over a year before the contract in this case was commenced. The undisputed testimony indicates that the request was for immediate

notification of any payment delinquency of subcontractors in the defendant Skinner & Ruddock's jobs, whether under the Miller Act or not, in which the use-plaintiff was a supplier of the subcontractor.

The letter's recital that "We feel sure this customer will pay us as soon as sufficient collections are effected", and testimony on behalf of the use-plaintiff that Benton, on four occasions during the three months following the sending of the letter, assured agents of the use-plaintiff that Williams Piping and Heating Company would pay the use-plaintiff upon receipt of payment by it from the defendant Skinner & Ruddock, indicate that the use-plaintiff expected payment directly from Williams Piping and Heating Company upon the occurrence of an event inconsistent with its assertion of a direct claim against the defendant Skinner & Ruddock.

Supporting this interpretation, the circumstances established by testimony that the letter was not sent by Registered Mail; that it was sent during the progress of the job rather than within "ninety days" from the date on which the last of the material was furnished; and that no further statement of claim was sent by the use-plaintiff to the defendants, while not barring recovery, are certainly inconsistent with conscious resort to the Miller Act by the use-plaintiff.

All these considerations relevant to the question of substantial compliance with the Act were not considered by the Master in disposing of this question purely on the basis of form. The Act is the basis of the use-plaintiff's right to sue and the burden is upon the use-plaintiff to prove its compliance with the Act. The letter in this case, without explanation of its vague or ambiguous terminology, does not comply with the Miller Act as a matter of law in that it does not assert a claim nor does it advise, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bills, which is a substantial requirement of the Act. The testimony fails to develop or explain the language of the letter as an assertion of a claim by showing the existence of circumstances affecting the use-plaintiff and the defendant Skinner & Ruddock, which indicate that the letter was sent as a Miller Act claim or that its terminology was such, surrounding circumstances considered, that it reasonably would be received as an assertion of such a claim by the defendants.

My decision on this objection makes it unnecessary for me to pass upon the other objections to the Master's Report.

It is, accordingly, Ordered that the complaint in this case be dismissed and that the plaintiff pay one-half of the costs and disbursements of this action, and that the defendants pay the other half.