**Jacob H. GICHNER, Appellant,**

v.

**INSURANCE COMPANIES OF NORTH AMERICA, Appellee.**

No. 2920.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 26, 1962.

Decided May 11, 1962.

Rehearing Denied June 18, 1962.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellant.

Peter R. Cella, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Chief Judge.

This appeal is by a plaintiff from an order dismissing his complaint against defendant insurance company as surety on a Miller Act bond.[1]

The complaint alleged that plaintiff had furnished equipment and materials to Coastal Contracting & Engineering Co. for use on government contracts at Fort Belvoir, Virginia, and Andrews Air Force Base, Maryland; that the Fort Belvoir job was completed in August 1959 and the Andrews Air Force Base job was completed in November 1959; that Coastal failed in business and did not pay plaintiff for the equipment and materials he had supplied; and that thereby defendant became obligated to pay him. The complaint further alleged that beginning in October 1959 and continuing at intervals during 1960, plaintiff demanded payment from defendant, which acknowledged the correctness of the claims and promised to pay them; but after the statutory period of one year for the filing of suits under the Miller Act had elapsed, de-

1. 40 U.S.C.A. § 270a(a) (2).

fendant denied liability and refused to pay plaintiff. Accordingly plaintiff asked judgment against defendant for the total of its two claims, a sum within the jurisdictional limitation of the Municipal Court.

Defendant moved to dismiss the complaint on the ground that Miller Act actions are exclusively within the jurisdiction of the United States District Courts of the Districts where the contracts were performed. The motion was granted and this appeal followed.

Plaintiff argues that his action was not brought under the Miller Act, that due to his reliance on defendant's repeated promises to pay he lost his rights under the Miller Act; and that this loss, induced by defendant's promises, brought into existence a wholly independent right of action under the doctrine of promissory estoppel.

 Accepting as true all the facts pleaded in the complaint,[2] our conclusion is that the trial court correctly dismissed the action. The rights conferred by the Miller Act are entirely statutory and the Act provides the exclusive remedy for enforcing those rights.[3] Plaintiff's rights against the defendant arose under the Miller Act and the Municipal Court lacks jurisdiction to enforce those rights. Had plaintiff sued in the proper forum it may be that defendant, by its prior conduct, would have been estopped from raising the statutory period of limitation as a bar to the action;[4] but defendant's conduct cannot be relied upon to create an independent cause of action.[5]

Affirmed.

2. See United States for Use and on Behalf of B. Katchen Iron Works, Inc. v. Standard Accident Insurance Co., D.C.N.J., 158 F.Supp. 616, affirmed, 3 Cir., 257 F.2d 78.

3. United States for Use and Benefit of Noland Company v. Skinner & Ruddock, D.C.E.D.S.C., 164 F.Supp. 616. Speaking of a predecessor statute, the Supreme Court said: "The act does not place a limitation upon a cause of action theretofore existing, but creates a new one upon the terms named in the statute." United

States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 162, 34 S.Ct. 550, 58 L.Ed. 893.

4. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770; Bergeron v. Mansour, 1 Cir., 152 F.2d 27; Howard University v. Cassell, 75 U.S.App.D.C. 75, 126 F.2d 6, certiorari denied 316 U.S. 675, 62 S.Ct. 1046, 86 L.Ed. 1749.

5. Central Asphalt, Inc. v. Industrial Bank of Utica, 3 Misc.2d 971, 153 N.Y.S.2d 892.