The UNITED STATES of America for the Use and Benefit of CHARLES R. JOYCE & SON, INC., Plaintiff-Appellee,

v.

F. A. BAEHNER, INC., Defendant,

and

Hambly Construction Company, Inc., and National Surety Corporation, Defendants-Appellants.

No. 186, Docket 28248.

United States Court of Appeals Second Circuit.

Argued Nov. 22, 1963.

Decided Jan. 14, 1964.

Marshall, Circuit Judge, dissented.

Leslie F. Couch, Albany, N. Y. (Newkirk & DiFabio, Albany, N. Y., on the brief), for use-plaintiff-appellee.

Jacob M. Frankel, Schenectady, N. Y. (Tillott & LaFleche, Schenectady, N. Y., on the brief), for defendants-appellants.

Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.

MEDINA, Circuit Judge:

This is the second time this case has been before us. On October 23, 1962 we dismissed the first appeal because the summary judgment was only partial and there was a further undetermined claim for $1,715. United States for the Use and Benefit of Charles R. Joyce & Son, Inc. v. F. A. Baehner, Inc., 2 Cir., 1962, 309 F.2d 154. The action is by the United States for the use of Charles R. Joyce & Son, Inc., a firm which claimed there was a balance due for work and materials furnished to the sub-contractor F. A. Baehner, Inc. on a project for the construction of a building known as Building E–5, Phase 2, a Reactor Cell, at the Knolls Atomic Power Laboratory in the Town of Niskayuna, County of Schenectady, New York, under Contract AT(30–3)464 with the Atomic Energy Commission on behalf of the United States. Hambly Construction Company, Inc. was the contractor with the United States and the usual Miller Act bond for proper performance of the work and the payment of bills was furnished by National Surety Company, 40 U.S.C. § 270b.

After the remand it was found by the District Court that Joyce "had failed to prove its right to recover said amount of $1,715" and the claim was dismissed on March 7, 1963, the amended judgment being entered on March 21, 1963. The District Court, however, adhered to its original decision holding in favor of Joyce for an alleged balance due in the amount of $5,890.60. This appeal by Hambly and National Surety followed.

Without reference to the apparent breach by Joyce that is reflected in the dismissal of its claim for the $1,715 above referred to, we are constrained to reverse the judgment because none of the letters relied upon by Joyce complied with the simple requirements of the Miller Act.

The controlling language of the Act, 40 U.S.C. § 270b, is

"upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed."

This has very naturally been construed by the courts as requiring that "the writing must inform the prime contractor, expressly or by implication, that the supplier is looking to the contractor for payment of the subcontractor's bill." Bowden v. United States, 9 Cir., 1956, 239 F.2d 572, at page 577, citing numerous authorities. The ruling in this Circuit is the same. United States for Use and Benefit of J. A. Edwards & Co. v. Thompson Construction Corp., 2 Cir., 1959, 273 F.2d 873, 876. True it is that the Act is to be liberally construed. But to eliminate the minimal requirement just set forth would entirely emasculate the statute.

Applying this test, and disregarding the fact that the first letter was sent before the completion of the work to be performed by Joyce, the letters are plainly insufficient. They do not even intimate or suggest that any claim is being asserted against the prime contractor or that Joyce is looking to the prime contractor for the payment of his bill.

The first letter under date of July 29, 1960, entitled "Bldg. E5, Phase II Reactor Cell, Knolls Atomic Energy Comm." informed Hambly, allegedly confirming a conversation of the previous day, "it is our understanding that you will guarantee payment of liabilities accumulated by the F. A. Baehner Company with respect to ventilation work performed on the subject project." Hambly replied on August 3, 1960 denying any agreement to guarantee payment of Baehner's liabilities and stating that Hambly did "not feel there is any doubt that arrangements can be made so that your payment will be forthcoming."

The next letter from Joyce to Hambly, of August 4, 1960 refers to the letter of July 29, 1960 and states that the amount "to be paid to our company" has been changed from $7,530.60 to $7,605.60. Still no intimation that Joyce will look to Hambly for the payment of its bill.

The final letter from Joyce's lawyers to Hambly is as follows:

"August 22, 1960

Mr. W. J. Hambly
Hambly Construction Company
P. O. Box 78
Oneonta, New York

Re: Charles R. Joyce & Sons, Inc.
Subcontractor with F. A. Baehner, Inc.
Building E-5, KAPL, Niskayuna, New York

Dear Mr. Hambly:

In accord with our telephone conversation this morning, I am confirming our understanding of your position presently in our dispute with F. A. Baehner, Inc.

You've indicated that your request for final approval and acceptance of this contract will be made within 10 days or so. And that no further payments will be made to Baehner until some satisfactory provision has been made by him for the payment of our claim thereunder in the amount of $7,605.60.

We would appreciate being advised of your progress in getting this contract accepted, and of any

other developments which may assist us in protesting our claim.

> Very truly yours,
> NEWKIRK & DiFABIO
> E. MICHAEL DiFABIO

EMD:cg

cc to: Harold Kearny
Firemen's Fund Insurance Co.
90 State Street
Albany, New York"

What Joyce and its attorneys were trying to do was to get Hambly to put pressure on Baehner. That is why the letter of August 22, 1960 contains the sentence: "And that no further payments will be made to Baehner until some satisfactory provision has been made by him for the payment of our claim thereunder in the amount of $7,605.60."

This is no slip-up by Joyce. There were doubtless a number of reasons why, acting on the advice of its lawyers, Joyce did not feel in any position to send a Miller Act notice to Hambly. One of these would seem to be its breach of contract reflected in the dismissal by the District Court of its claim for the additional $1,715.

Reversed with a direction to dismiss Joyce's complaint.

MARSHALL, Circuit Judge (dissenting):

I respectfully dissent. In order to sue on the payment bond furnished for his benefit, a supplier having no contractual relationship with the prime contractor must, under 40 U.S.C. § 270b, give timely written notice stating with substantial accuracy the amount claimed and the name of the party for whom the labor was done. The purpose of the notice requirement is to permit a contractor "aft-er withholding payments to a sub-contractor for 90 days, [to] pay the latter with immunity from undisclosed claims of materialmen." United States for the Use of Bruce Co. v. Fraser Const. Co., 87 F.Supp. 1, 5 (W.D.Ark.1949); see United States for the Use and Benefit of J. A. Edwards & Co. v. Thompson Construction Corp., 273 F.2d 873, 875 (2 Cir. 1959).

In my opinion, the letters which Joyce sent to Hambly during July and August were wholly sufficient to put Hambly on notice of Joyce's unpaid claim against Baehner, the subcontractor; to afford it opportunity to withhold funds from the latter; and to notify it that it could not pay Baehner with impunity. To require, as the majority does, a specific statement that the supplier is looking to the contractor for payment, is an unnecessarily restrictive interpretation of the statute, which, after all, is designed to afford protection to suppliers and materialmen. The result they reach is based on the Thompson case, supra, and on Bowden v. United States for the Use and Benefit of Malloy, 239 F.2d 572 (9 Cir. 1956). In both of these cases, the most important fact was that the supplier himself gave no notice of the claim but the contractor learned of it only indirectly from the subcontractor, a condition which clearly does not satisfy the statute on its face.[1] Although the opinions do contain certain language supporting the majority's position that a claim against the prime contractor must be spelled out, there has yet been no decision on the appellate level in which a notice by a supplier to the prime contractor specifying the amount due from the subcontractor and informing him of the claim has been held inadequate.[2] I do not think this rule should be established.

[1] But cf. United States for the Use of Birmingham Slag Co. v. Perry, 115 F.2d 724 (5 Cir. 1940), where the court held that a materialman who sent a claim letter to the government agency which had let the prime contract, which letter was forwarded to the general contractor, might recover on the bond.

[2] The decision in United States for the Use and Benefit of Noland Co. v. Skinner & Ruddock, Inc., 164 F.Supp. 616 (E.D.S.C. 1958), accords with the majority's holding.