392 P.2d 577

**STATE of New Mexico for the Use of KO-MAC PAINT & WALLPAPER STORE, and Komac Paint & Wallpaper Store, Plaintiffs-Appellants,**

**v.**

**H. R. McBRIDE, d/b/a H. R. McBride Construction Company, and United States Fidelity & Guaranty Company, a corporation, Defendants-Appellees.**

**No. 7388.**

Supreme Court of New Mexico.

May 25, 1964.

**234**

White & Musgrove, Farmington, for appellants.

Palmer & Frost, Farmington, for appellees.

NOBLE, Justice.

Plaintiff (appellant) sued on a general contractor's payment bond under the provisions of § 6–6–12, N.M.S.A.1953, for unpaid materials and supplies furnished a subcontractor for use in construction of a public building. This appeal is from a summary judgment dismissing the action because of plaintiff's failure to give the statutory written notice within ninety days after furnishing the last materials.

Between January 7 and June 9, 1960, plaintiff Komac Paint & Wallpaper Store (hereafter referred to as Komac) furnished materials and supplies to a subcontractor engaged in the construction of a public building. Komac did not give the general contractor, H. R. McBride, d/b/a H. R. McBride Construction Company, Inc. (hereafter referred to as McBride) or the surety on its payment bond the statutory notice of the subcontractor's failure to pay for such materials. Written notice was mailed September 29, 1960, more than ninety days after furnishing the last of such materials.

The trial court found that McBride filed suit against the subcontractor on June 17, 1960, alleging non-payment to Komac for such supplies. The complaint was amended on July 20, 1960, alleging the exact amount of the subcontractor's indebtedness to Komac and that McBride would be required to pay Komac if the subcontractor did not do so. Judgment was entered for McBride against the subcontractor for the amount owing to Komac.

No claim is made here that any facts remain unresolved. The sole question is one of the proper construction of § 6–6–12, N.M.S.A.1953 and its application to uncontroverted facts.

Komac had no direct contractual relation with the general contractor and had no right of action on the payment bond except that conferred by express statute. Section 6–6–12, N.M.S.A.1953 (§ 1, Ch. 65, Laws 1953) amended its predecessor, Ch. 136, Laws 1923, by adopting the provisions of the Miller Act (40 U.S.C. § 270b). The pertinent language of the New Mexico Statute, as amended, is identical with that of the Miller Act and gives the supplier of materials to a subcontractor engaged in work on a public building a right of recovery against the general contractor's payment bond, if such supplier shall give:

" * * * written notice to said contractor within ninety [90] days from the date on which such person * * * furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed, and the name of the party to whom the material was furnished or supplied * * *."

█ A new right of action was created by this statute which comes into being only upon substantial compliance with its terms. A distinction must be drawn between the provision of the statute explicitly stating the condition precedent to the right to sue on the bond and the one as to the manner of serving the notice. Under express language of § 6–6–12, supra, identical with that of the Miller Act, the supplier who has no direct contractual relation with the general contractor is given a right of action against the bond only upon compliance with the condition precedent to suit " ' * * * upon giving written notice to said contractor' within ninety days from the date of final performance." Fleisher Engineering & Construction Co. v. United States, etc., 311 U.S. 15, 61 S.Ct. 81, 83, 85 L.Ed. 12. Clearly that condition was not met in the instant case.

It is contended that a liberal construction of the statute should be adopted to effect its purpose of protecting those furnishing labor or materials. Plaintiff strongly argues that notwithstanding that no notice was given the contractor within the time limited by statute, the fact that McBride filed suit and obtained judgment against the subcontractor is convincing proof that knowledge of the subcontractor's indebtedness was brought home to McBride within the ninety-day period. It is insisted that the complaint in McBride's suit was a written acknowledgement and full recognition of the subcontractor's indebtedness to Komac including the amount thereof, and the name of the party furnishing the materials and a description of what was furnished. This, it is said, is much more convincing proof that Komac had not been, but must be, paid than a written notice could be, and we are asked to hold that by reason of those facts the statutory requirement was substantially satisfied.

**236**

Komac relies heavily upon Houston Fire & Casualty Insurance Co. v. United States, etc. (C.C.A. 5) 217 F.2d 727 which allowed a recovery upon an oral conversation regarding the subcontractor's indebtedness and a letter from the contractor to the supplier admitting knowledge thereof. Komac argues that the complaint in McBride's suit against the subcontractor is just as much a sufficient writing in this case as was the letter from the contractor in Houston. That such letter in Houston and the suit in this case constitute strong proof of the contractor's knowledge cannot be doubted, but it falls short of even a substantial compliance with the condition precedent to the right created by the statute. Houston Fire & Cas. Ins. Co. v. United States, supra, stands alone in permitting recovery upon the general contractor's bond without any writing to the contractor. We are of the opinion that the decision in Houston Fire & Cas. Ins. Co. v. United States runs counter to all other cases considering the issue, and we decline to follow it. See Bowden v. United States (C.C.A. 9) 239 F.2d 572 for its appraisal of that case.

We agree that the statute is remedial in nature and that its principal purpose is to protect the supplier of labor and materials, and that it should be liberally construed to effectuate the obvious legislative intent. However, we cannot, as was done in Houston Fire & Casualty Ins. Co., in the guise of liberality justify completely ignoring the very prerequisite which the legislature prescribed as a condition precedent to the accrual of any right against the contractor's bond.

Mr. Justice Bickley, speaking for this court in construing the predecessor to the statute now being considered, sounded a warning against destruction of a clear legislative requirement in the name of liberality in Silver v. Fidelity & Deposit Co. of Maryland, 40 N.M. 33, 53 P.2d 459:

"Liberal construction, however, must not by process of extension be carried too far lest destruction of the statutory purpose be accomplished."

The Tenth Circuit Court of Appeals in an opinion by Judge Bratton, formerly a Justice of this court, agreed in interpreting the same predecessor statute in American Surety Co. of New York v. Gilmore Oil Co., 83 F.2d 249.

The federal courts, construing the Miller Act, all agree that the notice provision should be liberally construed, but with the single exception of Houston Fire & Casualty Ins. Co. v. United States, supra, they have nevertheless uniformly held that there must be substantial compliance with the notice requirement.

Coffee v. United States, etc. (C.C.A. 5, 1946) 157 F.2d 968, extensively reviewed the prior decisions interpreting the Miller

Act and, regarding its construction, said:

> "All the cases agree that without giving the notice there is no right of action on the bond for the use of furnishers who have no direct contractual relation to the contractor. *In no case has writing been held unnecessary.* But there has been liberality as to the manner of communicating the written notice to the contractor. * * *" (Emphasis added).

See, also, United States for Use and Benefit of American Radiator & Standard Sanitary Corporation v. Northwestern Engineering Co., (C.C.A. 8) 122 F.2d 600, where the written notice to the general contractor required by the Act as the foundation for a suit upon the general contractor's bond was said to be "mandatory" and a strict "condition precedent" to existence of any right of action upon the contractor's bond, by one having no direct contractual relation with the general contractor.

The annotator in 78 A.L.R.2d 429, 436, points to the limit of liberality allowed in interpreting the Miller Act notice requirement:

> "Although a certain amount of informality in the giving of the notice required by the Miller Act is permitted, the courts have generally held that notice of some sort is a jurisdictional requirement, and that to be effective the circumstances relied upon as constituting notice must substantially meet the notice provisions of the act."

See, also, United States for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 77 S.Ct. 793, 1 L.Ed.2d 776; United States for Use and Benefit of Noland Co. v. Skinner & Ruddock, Inc., 164 F.Supp. 616 (E.D.S.Car.); United States for Use and Benefit of Davison v. York Electric Constr. Co., 184 F.Supp. 520 (N.W.N.Dak.); United States for Use and Benefit of J. A. Edwards v. Thompson Constr. Corp. (C.C.A. 2) 273 F.2d 873, 78 A.L.R.2d 421; United States for Use of Soda v. Montgomery (C.C.A. 3) 253 F.2d 509; United States for Use of Birmingham Slag Co. v. Perry (C.C.A. 5) 115 F.2d 724; Glassell-Taylor Co. v. Magnolia Petroleum Co. (C.C.A. 5) 153 F.2d 527.

Notwithstanding the convincing proof of McBride's knowledge, the writing required by the statute cannot be dispensed with. The supplier's right of action to recover on the general contractor's bond comes into being only upon substantial compliance with the notice required by the legislature. MacEvoy Co. v. United States, etc., 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed.

1163; ·McWaters and Bartlett· v. United States, etc., (C.C.A. 10) 272 F.2d 291.

Securities Acceptance Corp. of Santa Fe v. Valencia, 70 N.M. 307, 373 P.2d 545, is readily distinguishable. The statute being interpreted there provided that an entrustee *"may"* give notice of intention to sell, and, after notice "may" sell but does not require such notice when there is actual notice. The giving of notice in Valencia was not a condition precedent to the right coming into existence.

 Finally, the fact that McBride sued the subcontractor for the account owing did not, without more, constitute a waiver of the notice since until plaintiff's cause of action came into existence there was nothing upon which McBride's waiver, if any, could act. United States v. Northwestern Engineering Co., supra. Compare United States ex rel. Hargis v. Maryland Cas: Co., 64 F.Supp. 522 (S.D.Cal.) and United States for Use and Benefit· of Franklin Paint Co. v. Kagan (Mass.) 129 F.Supp. 331.

It follows that granting summary judgment was not error. The judgment should be affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.