The UNITED STATES of America for the use of WAY PANAMA, S. A., Plaintiff,

v.

UHLHORN INTERNATIONAL, S. A., Defendant,

and

National Surety Corporation, Surety-Defendant.

Civ. No. 5581.

United States District Court
Canal Zone, Balboa Division.
March 5, 1965.

Octavio Fabrega & De Castro & Robles, Balboa, Canal Zone, for plaintiff.

Henry L. Newell, Balboa, Canal Zone, for defendant Uhlhorn Intern'l, S. A.

Dayton G. Wiley, San Antonio, Tex., for National Surety Corp.

CROWE, District Judge.

The plaintiff, United States of America for the use of Way of Panama, S. A., filed its complaint under the Miller Act (40 U.S.C.A. § 270a) against Uhlhorn International, S. A. and National Surety Corporation on June 14, 1963. The com-

plaint alleged that defendant, Uhlhorn International, S. A., a Panamanian corporation licensed to do business in the Canal Zone, was awarded a contract by the Federal Aviation Agency numbered FA–2–1579 (amended to FA–2–1578 in the amended complaint), for the construction of a building in the Canal Zone and that defendant, National Surety Corporation, a New York corporation, licensed to do business in the Canal Zone, issued a payment bond binding each defendant in the sum of $313,454.10 for the prompt payment of all persons supplying labor and material in the prosecution of the work under the contract. It alleged further that under the contract the defendant, Uhlhorn International, S. A. entered into a sub-contract denominated Purchase Order No. 81–100–16 on December 13, 1960 with use plaintiff who was to furnish all labor, material, equipment and engineering under the sub-contract in the sum of $167,000.00. By agreement pursuant to change orders or revisions executed on May 9, 1961 and October 2, 1962 it was increased to $178,-884.39.

Plaintiff alleged further that the last material was delivered and labor performed under the sub-contract on June 15, 1962 and that there is still due and owing use plaintiff $25,616.64 for which judgment is prayed.

The defendants filed an answer denying the indebtedness and further pleaded that the right of action did not accrue within one year next before the commencement of the action and therefore the statutory right under the Miller Act was lost.

At the pretrial conference defendant, Uhlhorn International, S. A., admitted an indebtedness of $23.117.92 and by agreement judgment was entered accordingly against this defendant alone. It was stipulated further that the questions of amount and whether or not the work was done was res judicata and binding on all parties.

At the pretrial conference plaintiff was given leave to amend its complaint "to correctly reflect the true contracting par-

ty" and thereafter on July 29, 1964 did amend and alleged that "William Baynes Uhlhorn doing business as Uhlhorn Construction Company" was awarded the contract and that Uhlhorn Construction Company caused defendant, National Surety Corporation, to issue the payment bond. The amendment says further that in connection with the contract "Uhlhorn Construction Company employed personnel, equipment, material, funds and the corporate entity of defendant Uhlhorn International, S. A., a corporation controlled by William Baynes Uhlhorn indiscriminately with those of Uhlhorn Construction Company in the prosecution of the work" under the contract.

Defendant, National Surety Corporation, denied liability for the actions of Uhlhorn International, S. A., reiterated the plea of limitations, and alleged further that plaintiff failed to comply with the Miller Act in that it did not give the notices required.

At the pretrial a copy of the bond executed on Standard Form 25–A, dated June 28, 1960, was approved by counsel and admitted into evidence.

The issues were at that time limited to (a) question of limitations and (b) whether the National Surety Corporation is bound under the payment bond furnished by William Baynes Uhlhorn, an individual doing business as W. B. Uhlhorn Construction Company in connection with Contract FA–2–1578 for labor and material furnished to Uhlhorn International, S. A. under Purchase Order 61–100–16 entered into between Uhlhorn International, S. A. and Way Panama, S. A. when the labor and materials were furnished in the execution of the contract.

The new pleadings raised the question of notice and defendant, National Surety Corporation, maintained that there was another aspect of limitations present as a new cause of action was alleged in the amendment and it was not timely filed.

At the opening of the trial, counsel for plaintiff made a motion to amend the amended complaint to conform to the proof which he would present, and which

was presented, that material was furnished and installed and work done *after* June 15. The original complaint and the amended complaint both stated that the last material was delivered and labor performed *"on"* June 15, 1962 and defendant, National Surety Corporation, objected to the amendment arguing that the language used in the complaint was a judicial admission and that use plaintiff should be bound by it and not permitted to prove any delivery of material or work performed beyond that date. The court offered the objecting defendant a continuance to permit it to prepare to meet such proof, which was refused, and the trial was had and the question of amendment was reserved for argument in the briefs although the proof was received subject to the objections of defendant.

### FINDINGS OF FACT

1. The use plaintiff, Way Panama, S. A., is a corporation organized and existing under the laws of Panama and at all times pertinent to the cause of action was licensed to do business in the Canal Zone.

2. The defendant, Uhlhorn International, S. A., is a corporation organized and existing under the laws of Panama and at all times pertinent to the cause of action was licensed to do business in the Canal Zone and maintained an office and property within the Canal Zone.

3. The National Surety Corporation is a corporation duly organized and existing under the laws of the State of New York and was licensed to do business in the Canal Zone at all times pertinent to the cause of action.

4. William Baynes Uhlhorn doing business as Uhlhorn Construction Company was awarded a contract by the Federal Aviation Agency entitled FA–2–1578 for the construction of the International Flight Service Station/ARTCC Building at Balboa, Canal Zone.

5. In connection with the contract mentioned, William Baynes Uhlhorn, an individual doing business as the Uhlhorn Construction Company caused the National Surety Corporation on June 28, 1960 to issue a payment bond binding the National Surety Corporation in the penal sum of $313,454.10 for the prompt payment to all persons supplying labor and material in the prosecution of the work provided for in the said contract.

6. In the prosecution of the work in the contract, Uhlhorn Construction Company employed personnel, equipment, material, funds and the corporate entity of defendant Uhlhorn International, S. A., a corporation controlled by William Baynes Uhlhorn, indiscriminately with those of Uhlhorn Construction Company and even attempted to assign the contract to the defendant Uhlhorn International, S. A. The attempted assignment was made without the knowledge or consent of defendant, National Surety Corporation or the Federal Aviation Agency.

7. Defendant, Uhlhorn International, S. A., in the prosecution of the work under FA–2–1578 issued a Purchase Order numbered 61–100–16 on December 13, 1960 to use plaintiff under which use plaintiff furnished labor, material and equipment to the project which totaled, when change orders and revisions executed May 9, 1961 and October 2, 1962 were included, the sum of $178,884.37.

8. There is still due and owing plaintiff under the terms of the Purchase Order and change orders the sum of $23,117.92. Judgment has been entered against the defendant, Uhlhorn International, S. A., for this amount dated March 4, 1964. The figure was arrived at by agreement of counsel at pretrial conference and no proof was heard as to the amount of the claim.

9. The original complaint beginning the suit was filed on June 14, 1963 and the amended complaint was filed on July 30, 1964.

10. Work under the Purchase Order was done and materials were supplied by use plaintiff as late as August 6, 1962, the date of the departure of Robert L. Behrend, Resident Engineer representing FAA. Work continued for some time thereafter for on the departure date work was in progress and the final air balanc-

ing had not been performed nor the smudge rings installed. All work had been done and materials furnished however for more than one year before the filing of the amended complaint.

11. No written notice was given by use plaintiff to William Baynes Uhlhorn, an individual, nor Uhlhorn Construction Company, nor Uhlhorn International, S. A. before the expiration of a period of ninety days after the day on which the last labor was done or material furnished as provided in the Miller Act (Title 40, U.S.C.A. § 270b) for persons dealing with a sub-contractor.

## FINDINGS OF LAW

1. This court has jurisdiction of the case.

■ 2. The original complaint was commenced before the expiration of one year after the day on which the last of the labor or material was performed by the plaintiff and is therefore within the limitation prescribed by the Miller Act (Title 40 U.S.C.A. § 270b).

■ 3. The relationship between the original contractor, William Baynes Uhlhorn, an individual doing business as the Uhlhorn Construction Company and Uhlhorn International, S. A., was not that of prime contractor and sub-contractor but was a comingling of entities of the creation of William Baynes Uhlhorn for the prosecution of the contract without notice to or consent from the other party to the contract or the defendant surety or the plaintiff and did not relieve the original contractor of responsibility although the sub-contract in this action was made in the name of Uhlhorn International, S. A. The original contract remains in full force; the original contractor is still responsible and the surety is still bound on the payment bond. United States v. Illinois Surety Co., 7 Cir., 226 F. 653.

■ 4. The Miller Act is designed to give the person supplying labor and material for construction of public buildings the same protection which state lien laws give ordinarily to persons furnishing labor and material for use in private construction and should be liberally construed to carry out the intent of Congress. United States for Use of West, etc. v. Peter Kiewit & Sons Co. et al., D.C., 235 F.Supp. 500; State of New Mexico v. McBride, 74 N.M. 233, 392 P. 2d 577.

■ 5. The fact that William Baynes Uhlhorn, an individual doing business as the Uhlhorn Construction Company, was not made a party to the action did not preclude plaintiff from proceeding against defendant, National Surety Corporation. If the surety thought that William Baynes Uhlhorn, an individual doing business as the Uhlhorn Construction Company, might interpose a defense that would be helpful, established rules of procedure are available for making him a defendant. United States v. Aetna Casualty & Surety Co., 6 Cir., 5 F.2d 412; United States for Use of Hill v. American Surety Co., 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437.

■ 6. The motion to amend the amended complaint at the time of trial so that proof could be introduced to establish that the last material was delivered and labor performed *"after"* June 15, 1962 is allowed as the court offered time to the defendant to prepare to meet any proof which might not have been anticipated, which was refused by defendant. Had the court been arbitrary and not offered the defendant the opportunity for a continuance it may have been prejudiced as having been led to believe from the pleadings that plaintiff's proof would relate to certain materials delivered and labor performed *"on"* June 15, 1962. But defendant elected to go into trial and thus waived his right to claim that he was prejudiced.

Rule 15(a) of Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." It would appear that a denial of an opportunity to prove facts that

would place the claim well within the year prescribed by the statute, would be arbitrary. This is especially true in the light of the fact that the particular day "June 15, 1962" was no especial day on which a particular act was or was not done but was merely a part of the work period which if established would place the activities within the year fixed by the Act.

7. The amended complaint relates back to the date of the original pleading in conformity with the Federal Rules of Civil Procedure, Rule 15(c). No new cause of action was pleaded and no substantial change was made from the claim as originally alleged. White v. Holland Furnace Co., D.C., 31 F.Supp. 32; Perry v. Southern Ry. Co., D.C., 29 F.Supp. 1006. Wennerholm et al. v. Stanford Univ., 20 Cal.2d 713, 128 P.2d 522, 141 A.L.R. 1358.

At the pretrial conference plaintiff was permitted "to amend the complaint herein to correctly reflect the true contracting party and the parties in interest and to correct the number of the contract awarded by the Federal Aviation Agency" with no objection on the part of surety defendant, of record.

8. The relationship between William Baynes Uhlhorn, an individual doing business as the Uhlhorn Construction Company, and Uhlhorn International, S. A. was not that of prime contractor and sub-contractor. The relationship created by a comingling of personnel, equipment, material and funds was such that there was in fact only one organization and the subcontract with plaintiff, although in the name of Uhlhorn International, S. A., can not be held to be a sub-contract with a subcontractor but must be viewed as a sub-contract with the prime contractor. The 90 day notice required therefore by "any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor" furnishing the payment bond as provided in the Miller Act (Title 40 U.S. C.A. § 270b) is not required.

To permit the prime contractor to escape his obligations and thus relieve his surety by the use of a corporation set up by him and used inextricably by him in the prosecution of the contract would be a miscarriage of justice and were he a party to the action and before court, judgment could no doubt be had against him.

9. Judgment shall be entered by the clerk for the plaintiff against the defendant, National Surety Corporation, for the sum of $23,117.92 and costs.