**Dorothy Davis BARR, Individually and for and on behalf of all others similarly situated, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, James D. Hodgson, Secretary, Department of Labor, et al., Defendants-Appellees.**

**No. 71–1740.**

United States Court of Appeals,
Tenth Circuit.

April 30, 1973.

William J. Torrington, Bernalillo, N. M., for plaintiffs-appellants.

Ronald R. Glancz, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., Morton Hollander, Thomas J. Press, Attys., Dept.

of Justice, Washington, D. C., on the brief), for appellee United States.

R. Baumgartner, Albuquerque, N. M., Atty., for Employment Security Commission of New Mexico, for appellee.

Before JONES *, SETH and BARRETT, Circuit Judges.

JONES, Circuit Judge:

The appellant, Dorothy Davis Barr, brought an action in the District Court for the District of New Mexico against the United States and the Secretary of Labor; the Employment Security Commission of New Mexico and its Chairman-Executive Director; and against the Industrial Commissioner of the New York State Department of Labor. Federal jurisdiction is asserted under 28 U.S.C.A. § 1346(a)(2), 28 U.S.C.A. § 1361, 42 U.S.C.A. § 1983, 42 U.S.C.A. § 1988, 28 U.S.C.A. §§ 2201–2202, and Rule 57 Fed.Rules Civ.Proc. The appellant undertook to sue individually and on behalf of a class consisting of all other persons similarly situated.

In her complaint the appellant alleged that she had terminated an employment in New York, moved to New Mexico, filed a claim with the Employment Security Commission of New Mexico for unemployment insurance benefits under the laws of New York; that New York had rejected her claim on the ground that she had left her employment voluntarily. She was informed, so it was alleged, that pursuant to the interstate appeals procedure, a new Mexico referee would take and record her testimony and receive any other evidence she desired for transmission to New York where a referee of that state would consider such testimony and evidence with the evidence brought before him by the former employer and make a decision. The appellant asserted that she was entitled to require the employer's witnesses to be subpoenaed and brought, for the taking of their testimony, from New York to New Mexico where they would be sub-ject to cross-examination by her. She claimed that to follow the procedures as outlined by the two states, although in accordance with the interstate appeals agreements and the pertinent state regulations, would result in a denial of her constitutional due process rights and of the Federal statute which requires that "the Secretary of Labor shall make no certification for payment to any State unless he finds that the law of such State . . . includes provision for . . . opportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment are denied . . ." 42 U.S.C.A. § 503(a). Her claim was also predicated upon the statutory requirement that unemployment compensation should not be denied to a claimant or reduced ". . . solely because he files a claim in another State . . . or because he resides in another State . . . at the time he files a claim for unemployment compensation." 26 U.S.C.A. § 3304(a)(9)(A). The prayer of the complaint sought "the Court's order for declaratory relief and an injunction enjoining the Secretary of Labor, the Employment Security of New Mexico, and the New York State Department of Labor, from further failing, refusing, or neglecting to provide claimants with an opportunity for a fair hearing before an impartial tribunal or Court in claimant's domicile . . . ."

After obtaining leave to proceed in forma pauperis, the appellant filed a double-barreled motion seeking first, leave to proceed under Rule 23 Fed. Rules Civ.Proc. as the representative of a class consisting of interstate claimants of unemployment compensation benefits, and second, the convening of a three-judge court as provided by 28 U.S.C.A. §§ 2281, 2282 and 2284.

The court granted the motion of New York State Industrial Commissioner to dismiss the complaint for lack of jurisdiction, the motion of Employment Security Commission of New Mexico and its

* Of the Fifth Circuit, sitting by designation.

Chairman-Executive Director to dismiss the complaint for failure to state a claim upon which relief could be granted, and the motion of the United States and its Secretary of Labor to dismiss the complaint for failure to exhaust administrative remedies and failure to state a claim upon which relief could be granted. The court also ordered that the complaint and the cause of action be dismissed with prejudice as to all defendants. This appeal followed.

■ The New Mexico Commission has filed in this Court a motion reciting that the appellant has ceased to be a resident of New Mexico and seeking the dismissal of the appeal as moot. Attached to the motion is a copy of a writing purporting to be a letter from the appellant to her attorney. In this instrument the writer gives her "home address" as a street number in Helena, Montana. In the letter its writer talks about her "job." The letter is the sole basis for the assertion of mootness. Assuming the authenticity of the letter which, although not admitted, is not denied, it fails to establish that there has been, in fact, a change of residence. We do not find it necessary to decide whether a change of residence would deprive the appellant of any right afforded her under interstate appeals procedures. She had a right to invoke the jurisdiction of the New Mexico Commission at the time she sought relief from it, and we need not decide whether the right has been lost, however mistaken she was as to the nature and extent of her rights in the interstate proceedings. We suppress the urge to discuss the doctrine of mootness and proceed to the issues which were decided by the district court.

■ Jurisdictional questions are usually entitled to initial consideration, and are to be noticed whether or not they are raised. The United States was dismissed on the grounds that administrative remedies had not been exhausted and for failure to state a claim upon which relief could be granted. We pretermit consideration of the administra-

tive remedy question. This Court has had no greater success than did the district court in finding any basis for a claim upon which relief could be granted against the United States. It seems clear that there is no jurisdiction over the United States. The appellant asserted jurisdiction under 28 U.S.C.A. § 1346(a)(2), 28 U.S.C.A. § 1361, 42 U.S.C.A. § 1983, 42 U.S.C.A. § 1988, 28 U.S.C.A. §§ 2201–2202 and Rule 57 Fed. Rules Civ.Proc.

■ Section 1346(a)(2) gives to district courts concurrent jurisdiction with the Court of Claims in a limited amount. The statute is applicable only to money claims against the United States. United States v. Jones, 131 U.S. 1, 19 S.Ct. 669, 33 L.Ed. 90. The district court was correct in its determination that no claim was asserted against the United States upon which relief could be granted, but the complaint might well have been dismissed against it on jurisdictional grounds.

■■ Section 1361 confers jurisdiction "in the nature of mandamus to compel an officer . . . of the United States . . . to perform a duty owed to the plaintiff." The functions of the Secretary of Labor in relation to state administration of unemployment compensation laws and regulations are, to the extent the appellant would have the Secretary coerced by the court, discretionary. Mandamus, including the statutory remedy provided by Section 1361, will not lie to direct the manner in which discretionary acts of governmental officials are to be performed nor to direct or influence the exercise of discretion in making such decisions. McQueary v. Laird, 10th Cir. (1971) 449 F. 2d 608. No other relief was sought against the Secretary. The district court was correct in its determination that the complaint stated no claim against him upon which relief could be granted.

■ The Industrial Commissioner of the State of New York was dismissed by the district court for lack of jurisdiction. The decision was correct. Service

of process was attempted by certified mail. No authorization for such service is provided by any statute or rule of the United States or of the State of New Mexico. See Rule 4(f) Fed.Rules Civ. Proc.

The complaint named as defendants the New Mexico Employment Security Commission and its Chairman-Executive Director. As to them the complaint was dismissed on the ground that no claim was stated upon which relief could be granted. Although the complaint is not free of ambiguity, it is apparent that the appellant sought to have the New Mexico Commission subpoena witnesses from New York to appear personally before it, to conduct a hearing, to make findings and enter an order against the State of New York for the payment of unemployment compensation to her. As to this position it is enough to say that there is nothing in the law of the United States, of New York or of New Mexico that authorizes such procedure. The interstate appeals procedure permits the taking of testimony before the Commission in the state of a claimant's residence and the transmitting of such testimony to the state against which the claim is asserted. With this the appellant was not content; but to more she was not entitled.

Only brief consideration need be given to the other statutes upon which the appellant relies. Section 42 U.S.C.A. § 1983 provides a Federal remedy for a denial or deprivation of a federally protected right by a state or state agency. The failure of New Mexico to provide a forum to adjudicate a claim against the state of New York is not within the purview of Section 1983. Reliance upon 42 U.S.C.A. § 1988 is also misplaced. This section does not create rights nor confer jurisdiction. Declaratory judgment relief is made available to Federal litigants by 28 U.S.C.A. §§ 2201–2202 and Rule 57 Fed.Rules Civ. Proc. They do not create jurisdiction.

The district court properly refused to treat this as a class action and properly rejected the application for the convening of a three-judge court.

The judgment of the district court is correct. It is affirmed.