**Martin L. ROEMER, Plaintiff,**

v.

**Martin HOFFMANN, Secretary of the Army, et al., Defendants.**

Civ. A. No. 76–1632.

United States District Court, District of Columbia.

Sept. 20, 1976.

Leonard N. Bebchick, Washington, D.C., for plaintiff.

Earl J. Silbert, U.S. Atty., Robert N. Ford and Robert M. Werdig, Jr., Asst. U.S. Attys., Washington, D.C., for defendants.

OPINION

SIRICA, District Judge.

The plaintiff Martin L. Roemer is a manufacturer's representative. He specializes in offering the products of a variety of businesses to the armed services exchanges. On August 23, 1976, the plaintiff, in an order from Brig. Gen. Bruce T. Coggins, Assistant Judge Advocate General for Civil Law of the Department of the Army, was debarred from doing any business with any instrumentality of the Department of Defense, including the armed forces exchanges, for a period of three years. Roemer has brought this action to set aside that order. He alleges that:

(1) Coggins failed to observe the procedures required by governing debarment regulations, 32 C.F.R. § 1–600 *et seq.* (1975);

(2) Coggins exceeded his authority in that the debarment was imposed as punishment;

(3) Coggins's decision was "arbitrary and capricious;"

(4) Coggins's decision was unconstitutionally based at least in part on factors not disclosed to the plaintiff or not related to the reasons stated in the order for debarment;

(5) Coggins failed to comply with the full procedural requirements of 5 U.S.C. §§ 554–58, in violation of the Constitution and statute.

On September 1, this Court granted the plaintiff's motion for a temporary restraining order forbidding the government from publishing in any way the fact of his debarment. On September 10, the plaintiff petitioned this Court to extend this relief and to enlarge it to prevent the government from interfering with the plaintiff's offering of products to the armed services exchanges. Because time was short, the plaintiff addressed only the first three of his theories for recovery. On that showing, and because the government had not shown that it would be appreciably harmed by an enlargement of the order for a short time,

the Court granted the plaintiff's petition and enlarged the relief for ten more days.

The Court has now had an opportunity to study the pleadings and supporting papers more closely. For the reasons which follow, it concludes that this case must be returned to the decision-maker for a fuller explanation of his reasons for imposing the three-year debarment.

## I.

These basic facts are not in dispute. In July of 1965, the plaintiff, while he was employed by the Army and Air Force Exchange Service, accepted $2,500 from a manufacturer's representative. About a year afterward, he left the government and became himself a manufacturer's representative. In February of 1970, however, he was indicted for accepting the $2,500. Shortly after that, he was suspended from doing business with the armed forces exchanges pending the outcome of that case. But the prosecution got bogged down and after 29 months, since there had been no disposition of the case, the suspension was lifted. Subsequently, the case did come to trial, and in December of 1974, Roemer was convicted.

Also at about this time the government instituted a civil action against Roemer to obtain the monies he received illegally. In April of this year, a settlement decree was entered in that case in which Roemer agreed to pay the government $3,600.

In June of this year, the plaintiff received a letter from the Department of the Army. The letter noted the conviction and advised Roemer that the Department was considering debarring him.

On July 27, counsel for the plaintiff appeared personally before the one who would decide the question, Brig. Gen. Coggins, and made an oral argument in his client's behalf. The next day, counsel submitted a written summary of those arguments.

On August 23, Coggins sent a notice of debarment to Roemer. In it, Coggins stated that the plaintiff was forbidden from doing business with the Department of Defense until June 23, 1979.

## II.

The parties are in substantial agreement on a number of points. Both agree that under governing regulations debarment may not be imposed for punishment. 32 C.F.R. § 1–604 (1975). Both also agree that Coggins's decision to debar Roemer must be judged by the reason invoked, which in this case was that Roemer had been convicted for an offense:

indicating a lack of business integrity, or business honesty which seriously and directly affects the question of [Roemer's] present responsibility as a Government contractor. [32 C.F.R. § 1–604.1(i)(C) (1975)]

The essence of the dispute at this time is whether Coggins gave a "hard look" to all of the considerations bearing on the question of Roemer's present responsibility. The government claims that the order that was sent to Roemer, as supplemented by a memorandum written by Coggins himself at about the time he sent the order, and by memoranda written to him by his aides, makes clear that he gave adequate consideration to all of the relevant factors. The plaintiff, of course, disagrees.

The starting point for determining whether a person should be debarred must be the statement of Chief Justice Burger when he was a judge for the U.S. Court of Appeals for the District of Columbia Circuit:

Disqualification from bidding or contracting . . . directs the power and prestige of government at a particular person and . . . may have a serious economic impact on that person. [*Gonzalez v. Freeman*, 118 U.S.App.D.C. 180, 334 F.2d 570, 578 (1964)]

The decision-maker must take great care, then, to be certain that his decision is a correct one. In this case, the decision-maker Coggins has simply inferred from the nature of the particular offense that it is not presently a good risk for the government to do business with Roemer, and that it is not likely to be a good risk for three

more years at least. And certainly, Roemer's offense was of sufficient gravity to give a decision-maker pause to question Roemer's present and likely future responsibility in dealing with the government.

But the plaintiff has suggested a number of factors which appear to diminish the force of that conviction as an indication of Roemer's present responsibility. These factors touch on Roemer's character before the offense occurred, the circumstances surrounding the offense, the deterrent effects of the prior 29-month suspension, of the conviction, and of the payment to the government of $3,600 in restitution, the length of time which has passed since the offense and since the conviction, and Roemer's character since the offense and conviction.

It is clear from the memorandum that Coggins wrote at about the time he issued the order debarring Roemer that he was aware of at least the most important of these factors. But what is less clear is why Coggins attributed little or no importance to them, and what it was about the offense which necessitates, despite these factors, a debarment of three years. The Court must have specific answers to these questions if it is to exercise properly its limited review of the substance of the administrative decision.

Therefore, the Court finds that remand to the decision-maker is appropriate. Because the other issues raised by the plaintiff may become moot upon further proceedings, the case will be remanded in its entirety.

This opinion will constitute the Court's findings of fact and conclusions of law. Counsel for the plaintiff will submit an appropriate order, noted by the government, within five days from this date.

### JUDGMENT

In consideration of the Court's Opinion of September 20, 1976 and the findings of fact and conclusions of law therein set forth,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The action of defendant Bruce T. Coggins, dated August 23, 1976 in debarring plaintiff Martin L. Roemer from representing vendors or otherwise participating in business or contractual relations with agencies of the Department of Defense is set aside.

2. This case is remanded in its entirety to defendant Coggins for such other or further action, if any, as he may wish to take, but any further action to debar shall be taken consistent with the Opinion of the Court and the requirements of law.

3. Unless and until such time as a duly authorized official of the Department of Defense hereafter enters a further order debarring plaintiff from representing vendors or otherwise participating in business or contractual relations with the Department of Defense, the defendants, their agents, employees and each of them, are enjoined and restrained (a) from preventing or interfering in any manner with the activities of plaintiff Martin L. Roemer, by reason of his conviction of violating 18 U.S.C. § 371 or any proceeding related thereto, in representing vendors or otherwise participating in business or contractual relations with agencies of the Department of Defense including its Exchange services, and (b) from listing plaintiff Martin L. Roemer for any such reason in the Department of Defense Joint Consolidated List of debarred, ineligible or suspended persons or in any similar publication.

4. Plaintiff's cost shall be taxed against defendants to the extent permitted by 28 U.S.C. § 2412.