**Thomas A. NICKELS, Plaintiff,**

v.

**Richard E. MEDEN, Defendant.**

**Civ. No. 80–10195.**

United States District Court,
E. D. Michigan, N. D.

May 18, 1981.

Thomas A. Nickels, pro se.

Timothy L. Hass, Gaylord, Mich., for defendant.

---

# MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This action arises out of an unfortunate series of events which allegedly took place in March of 1980 at the 88th District Court in Alpena, Michigan. The relevant facts may be summarized as follows:

Plaintiff, Thomas Nickels, is an attorney from Alpena, Michigan. On March 4, 1980 he plead "no contest" to charges that he failed to properly maintain his premises in violation of a city ordinance. As part of plaintiff's sentence he was ordered to pay a fine and costs of Three Hundred ($300.00) Dollars, and was given five days from his receipt of the written order of sentence within which to pay.

Defendant, Richard Meden, is now, and was at the time of these events, the Probate Judge of Alpena County, Michigan. However, in early March of 1980 the defendant was sitting by assignment as District Judge while Judge John J. Mack, who had sentenced plaintiff, was on vacation.

On March 13, 1980 the defendant issued a bench warrant for plaintiff after discovering that he had not paid his fine. The next day plaintiff went to the 88th District Court either to pay the fine or to request an extension of time. Plaintiff attempted to discuss this matter with the defendant, who refused to do so and further cautioned the plaintiff that continued pursuit of the issue would result in his being held in contempt. Plaintiff then left defendant's chambers and proceeded to a nearby desk in the hallway to pay the fine. Shortly thereafter, the defendant also proceeded to the same desk area.

While at the desk and in the process of paying his fine the plaintiff uttered "this is a bunch of shit," a remark which was overheard by the defendant and members of the Court's staff. Upon hearing this remark the defendant then allegedly struck the plaintiff in the arm and chest with a closed fist, pronounced the plaintiff in contempt of court, and had him taken into custody by a sheriff.

Later in the day plaintiff was released on bond. Also later the same day, defendant contacted the Prosecutor's Office and swore out a criminal complaint against the plaintiff for uttering an obscene remark.

Several months later, on August 20, 1980, following the tendering of a formal apology by plaintiff to the defendant and members of the Court's staff, the contempt charge was set aside and the criminal complaint was dismissed.

On December 12, 1980 plaintiff filed this action asserting jurisdiction under 42 U.S.C. §§ 1983, 1985 and 1988, with various pendent claims, alleging a panoply of tortious conduct and constitutional deprivation by the defendant. The matter is presently before the Court on defendant's motion to dismiss.

Plaintiff's complaint alleges that the defendant violated the following constitutional guarantees:

1) Issuing a bench warrant without probable cause;

2) Denial of due process;

3) Denial of equal protection; and

4) Infliction of cruel and unusual punishment.

Additionally, the complaint broadly alleges that the defendant committed the following common law torts:

1) Assault;

2) Battery;

3) False arrest;

4) False imprisonment;

5) Malicious prosecution;

6) Abuse of process;

7) Libel;

8) Slander;

9) Infliction of emotional distress;

10) Interference with business relations; and

11) Invasion of privacy

Finally, and without sufficient elaboration, the complaint states the following claims:

1) Deprivation of plaintiff's right "to engage in ordinary activities and affairs," (Count 8);

2) "Deprivation of character," (Count 9); and

3) That defendant "conspired with persons yet unknown" to deprive plaintiff of his rights in violation of 42 U.S.C. 1988 (Counts 18 and 19).

Based on all of these claims, including a prayer for punitive damages, plaintiff seeks damages of Twenty Nine Million ($29,000,000.00) Dollars.

In order to state a claim under 42 U.S.C. § 1983 plaintiff must allege that he suffered a deprivation of "rights, privileges, or immunities secured by the Constitution" which resulted from actions under color of state law. The only such actions alleged in plaintiff's complaint as providing the basis for a claim under § 1983 are the actions of the defendant while cloaked with authority of a state district court judge. As a matter of law, therefore, plaintiff's federal claim under § 1983 must be dismissed.

In *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), The Supreme Court of the United States reaffirmed the principle that judges, while performing judicial acts, are absolutely immune from suit. Justice White, writing for the majority, stated that:

> "The governing principle of law is well established... As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, (should) be free to act upon his own convictions, without apprehension of personal consequences to himself.' *Bradley v. Fisher, supra*, 13 Wall. at 347, 20 L.Ed. 646. For that reason the Court held that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.' 13 Wall, at 351, 20 L.Ed. 646. Later we held that this doctrine of judicial immunity was applicable in suits under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)."

*Id.* at 355–356, 98 S.Ct. at 1104.

Under the holding in *Stump*, the key inquiry in deciding if a judge is protected by an absolute immunity, is whether the acts complained of constituted "judicial acts." In the present case, all of plaintiff's claims of constitutional deprivation, and some of his common law tort claims, resulted from judicial acts.

The basis of plaintiff's § 1983 claim are the following acts by defendant: the issuance of a bench warrant, finding the plaintiff in contempt of court, and having the plaintiff placed in custody. Plaintiff cannot be heard to argue that the defendant, sitting by assignment as a district judge, was acting outside of his jurisdiction or beyond his authority in performing any of the aforementioned acts. The fact that the defendant performed some of these acts outside the confines of his courtroom is of no merit. Judicial acts, especially in emergency or unexpected situations, are often performed outside the courtroom. *Lopez v. Vanderwater*, 620 F.2d 1229, 1234 (CA 7, 1980).

Defendant clearly had authority to issue a bench warrant for the plaintiff. Indeed, the plaintiff had been cautioned in Judge Mack's order of sentence that if the fine was not timely paid, which it was not, that "a bench warrant shall be issued therefore." *People v. Nickels*, file no. 1153 & 1154 (Order of March 4, 1980).

Likewise, under Michigan law, M.C.L.A. §§ 600.1711(1) and 600.1715(1), defendant had authority to summarily find plaintiff in contempt and have him placed in custody. M.C.L.A. § 600.1711(1) provides:

> Sec. 1711. (1) When any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both.

M.C.L.A. § 600.1715(1) provides:

> Sec. 1715. (1) Punishments for contempt may be by fine, which shall in no case exceed the sum of $250.00, or by imprisonment, which except in those cases where the commitment is for the omission to perform an act or duty which is still within the power of the party to perform

shall not exceed 30 days, or both, in the discretion of the court.

Having found that the defendant was performing proper "judicial acts," the Court therefore concludes that he is absolutely immune from suit for such actions. This immunity applies to plaintiff's federal claim under § 1983, both as to allegations of constitutional deprivation and tortious conduct. Accordingly, plaintiff's § 1983 claim, and all counts thereunder, is hereby DISMISSED.

■ Having concluded that the Court lacks subject matter jurisdiction under § 1983, plaintiff's assertion of jurisdiction under 42 U.S.C. § 1985 will next be addressed. This basis of jurisdiction, however, must be summarily rejected. The only mention of § 1985 in plaintiff's complaint is paragraph no. 37 wherein it merely states that jurisdiction is based thereunder. The complaint is completely lacking in any allegation of racial or class-based invidiously discriminatory animus as is required for proper subject matter jurisdiction under this Section. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Taylor v. Brighton*, 616 F.2d 256, 266–267 (C.A. 6, 1980). Accordingly, plaintiff's § 1985 claim is hereby DISMISSED.

■ Lastly, we address plaintiff's remaining federal claim under 42 U.S.C. § 1988. Again this asserted basis of jurisdiction must be rejected. Section 1988 does not by itself confer independent subject matter jurisdiction. By its very terms, § 1988 only provides guidance to the District Court in exercising its jurisdiction under Sections 1983 or 1985. *Barr v. United States*, 478 F.2d 1152, 1156 (CA 10, 1973), *cert. denied*, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973). *See generally*, Antieau, C., *Federal Civil Rights Acts*, Section 279 (2d ed. 1980). Since the Court has dismissed plaintiff's claims under § 1983 and 1985, plaintiff's § 1988 claim must also fall. Accordingly, plaintiff's § 1988 claim is hereby DISMISSED.

■ Plaintiff's complaint, in addition to alleging that the defendant committed wrongs while cloaked with judicial authority, also alleges that the defendant engaged in tortious activity while acting in his individual capacity. Having dismissed plaintiff's federal claims, this Court, however, has no jurisdiction over plaintiff's remaining pendent state common law tort claims. *Stump v. Sparkman*, 435 U.S. 349, 355 n.3, 98 S.Ct. 1099, 1104 n.3, 55 L.Ed.2d 331 (1978); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 729, 86 S.Ct. 1130, 1140, 16 L.Ed.2d 218 (1966). Accordingly, all of plaintiff's previously enumerated tort claims are hereby DISMISSED.

For all of the foregoing reasons defendant's motion is GRANTED and this action is hereby DISMISSED in its entirety.

IT IS SO ORDERED.