**Ramsay S. AGAN, Plaintiff,**

v.

**Samuel PIERCE, Jr., Defendant.**

**Civ. A. No. C83–1473A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 21, 1983.

---

Benjamin C. Abney, Michael L. McGlamry, Carr, Abney & Tabb, Atlanta, Ga., for plaintiff.

Myra Dixon, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This is an action for declaratory and injunctive relief brought against the Secretary of the United States Department of Housing and Urban Development ("HUD") on the basis of alleged constitutional violations in defendant's debarment of plaintiff from participation in HUD programs. Presently before the Court is plaintiff's motion for a temporary restraining order or, in the alternative, a preliminary injunction, filed October 18, 1983, and the parties' subsequently filed cross-motions for summary judgment.

The Court heard argument on plaintiff's motion for a TRO or preliminary injunction on October 21, 1983, and granted the government ten further days to file its response. At the hearing, it appeared that there were no material issues of fact to be resolved, and plaintiff's counsel indicated that the case was ripe for final determination on the merits. The Court encouraged counsel to stipulate to the material facts and stated that a ruling on plaintiff's motion would issue shortly after defendant had filed his response. The Court also stated that a ruling on plaintiff's underlying request for a permanent injunction would be made if counsel indicated that a final decision on the merits was appropriate.

Defendant filed his response to plaintiff's motion on November 2, 1983, together with a motion for summary judgment. On November 15, 1983, plaintiff filed his own cross-motion for summary judgment, together with his response to defendant's motion for summary judgment. Although the parties have filed no stipulation of facts, the Court finds that all facts material to a final determination of the merits of plaintiff's complaint, as set out below, are undisputed.

## FACTS

The events leading up to the instant action began on July 20, 1982, when plaintiff entered a negotiated plea of guilty to a two count Criminal Information filed in the United States District Court for the Northern District of Georgia, Docket No. CR 82–205A. The Criminal Information charged:

### COUNT I

That on or about the 30th day of December 1979 within the Northern District of Georgia, the defendant RAMSEY AGAN, President of Adana Mortgage Bankers, Inc., did knowingly make a false statement for the purpose of influencing the action of a bank, the deposits of which were then and there insured by the Federal Deposit Insurance Corporation, in that in connection with a line of credit and loan, he submitted and caused to be submitted to The First National Bank of Atlanta a balance sheet of Adana Mortgage Bankers, Inc., which substantially misstated the nature of Adana's assets, in violation of Title 18, United States Code, Section 1014.

### COUNT II

That from between on or about January 1, 1979 and until on or about February 1980 within the Northern District of Georgia, the defendant RAMSEY AGAN, President of Adana Mortgage Bankers, Inc., did knowingly make false statements for the purpose of influencing the action of a bank, the deposits of which were then and there insured by the Federal Deposit Insurance Corporation, in that in connection with a line of credit for Adana Mortgage Bankers, Inc., he stated to representatives of The First National Bank of Atlanta that Adana Mortgage Bankers, Inc., had not received the proceeds from certain specified mortgages placed in a Government National Mortgage Association pool, when in truth

and fact, as he then and there well knew, Adana Mortgage Bankers, Inc., had in fact received the proceeds, in violation of Title 18, United States Code, Section 1014.

Judgment was entered against plaintiff on July 20, 1982, and plaintiff was sentenced to concurrent sentences of two years of confinement on each count, but execution of the sentence was suspended and the plaintiff was placed on probation for concurrent periods of two years on each count. The court also imposed a fine of $5000 on each count, as a special condition of the probation period. The terms of confinement and the amounts of the fines were in each case the maximum permitted by the applicable provision of the Code. The terms of the negotiated plea limited confinement, if imposed, to six months, committed the Government to silence on sentencing, and barred the Government from plaintiff's prosecution "for false statements made to banks or otherwise within federal jurisdiction of which the Government has knowledge, other than those appearing in the Criminal Information herein."

By letter dated November 18, 1982, Assistant Secretary for Housing Philip Abrams notified plaintiff that HUD was considering debarring him and his affiliates, with the specific exception of Adana Mortgage Bankers, Inc., for cause under 24 C.F.R. § 24.6 from participating in HUD programs for an indefinite period of at least five years from the date of the letter. Plaintiff also was advised that he was suspended immediately from further participation in HUD programs pending final determination of the issues involved. The notice of temporary suspension and proposed debarment cited as cause for the action plaintiff's conviction for violation of 18 U.S.C. § 1014.

By letter dated December 2, 1982, plaintiff made a timely request for a hearing on the proposed debarment which, because the action was based on a criminal conviction, was limited under 24 C.F.R. § 24.5(c)(2) to submission of documentary evidence and briefs. Following submission by the parties of their briefs and documentary evidence, the Administrative Law Judge issued a determination on April 22, 1983, concluding that "it is in the public interest and the best interests of the Department to debar Ramsey S. Agan from this date up to and including November 17, 1987, credit being allowed for the prior period of suspension."

Plaintiff filed the instant action on July 13, 1983, seeking a declaratory judgment and a permanent injunction restraining the government from enforcing the ALJ's ruling. Plaintiff contends that he has been denied the process due him under the fifth amendment to the United States Constitution, both procedurally and substantively, in that (1) the administrative procedures afforded him for challenging his debarment were inadequate; and (2) the ALJ's determination was arbitrary and capricious and not supported by substantial evidence. *See* 5 U.S.C. § 706(2). The Court will address each of these contentions in turn.

## DISCUSSION

### *Procedural Claim*

█ In his procedural argument, plaintiff relies on *Gonzalez v. Freeman*, 334 F.2d 570 (D.C.Cir.1964), which held that a debarment was invalid where there were neither procedural regulations authorizing or governing such action nor notice, hearing, and findings to support it. Plaintiff focuses on the following language from the *Gonzalez* opinion: "Considerations of basic fairness require administrative regulations establishing standards for debarment and procedures which will include notice of specific charges, opportunity to present evidence and to cross-examine adverse witnesses, all culminating in administrative findings and conclusions based upon the record so made." *Id.* at 578 (footnote omitted). In his case, plaintiff points out, he was afforded none of these procedures prior to his temporary suspension on November 18, 1982. Nevertheless, the *Gonzalez* court itself recognized that summary action in the form of a temporary suspension

"would appear warranted in some circumstances especially when procedural safeguards are accorded before a final decision is reached." *Id.* at 579 n. 19. The court went on to note that the length a temporary suspension could be sustained "would depend upon the need and other circumstances." *Id.* Plaintiff's temporary suspension in the instant case during the period from November 18, 1982, to April 22, 1983, was not unreasonable under the circumstances.

During the period of his temporary suspension, and prior to the ALJ's final determination of debarment, plaintiff was afforded each of the procedural protections enumerated by the *Gonzalez* court except for the right to cross-examine adverse witnesses. Plaintiff's complaint about this single procedural omission is without merit. Because defendant relied solely on plaintiff's criminal conviction and the inferences to be drawn therefrom in reaching the debarment decision, there simply were no adverse witnesses for plaintiff to cross-examine. It is for just this reason that HUD regulations provide for a full scale hearing, including the right to cross-examine witnesses, *except* "where the action is based on an indictment or conviction of the party." 24 C.F.R. § 24.5(c)(2). Then, "an appeal of the action is limited to submission of documentary evidence and written briefs to the hearing officer." *Id.* This Court can find no constitutional infirmity with such a procedure.

*Substantive Claim*

█ In support of this prong of his argument, plaintiff contends that debarment based "exclusively" on a criminal conviction is impermissible. In the administrative proceedings the government stated that plaintiff was debarred pursuant to 24 C.F.R. § 24.6(a)(1), (4), (5), and (9), which provide:

Subject to the following conditions, the Department may debar a contractor or grantee in the public interest for any of the following causes:

(a) *Causes.* (1) Conviction for commission of a criminal offense as an incident to obtaining or attempting to obtain a public or private contract, or subcontract thereunder, or in the performance of such contract or subcontract.

. . . . .

(4) Any other cause of such serious compelling nature, affecting responsibility, as may be determined by the appropriate Assistant Secretary to warrant debarment.

(5) Violation of any law, regulation, or procedure relating to the application for financial assistance, insurance, or guarantee or to the performance of obligations incurred pursuant to a grant of financial assistance, or conditional or final commitment to insure or guarantee.

. . . . .

(9) Conviction under the Organized Crime Control Act of 1970, 18 U.S.C. 1961 et seq. or conviction for the commission of the offense of embezzlement, theft, forgery, bribery, falsification or destruction of records, receiving stolen property, fraudulent use of the mail in connection with commission of such offenses, or conviction for any other offense indicating a lack of business integrity or honesty which seriously and directly affects the question of present responsibility.

Under 24 C.F.R. § 24.6(b)(1), the existence of any of the causes enumerated above gives HUD discretion to debar the contractor or grantee. Proof of plaintiff's conviction by a court of competent jurisdiction was sufficient evidence to establish cause for debarment under § 24.6(a)(1). *See* 24 C.F.R. § 24.6(b)(2). Furthermore, because of the inherent nature of the offenses involved in the instant case, such proof also was sufficient to establish cause for debarment under § 24.6(a)(4), (5), and (9).

Plaintiff relies upon *Peter Kiewit Sons' Co. v. U.S. Army Corps of Engineers,* 534 F.Supp. 1139 (D.D.C.1982), *rev'd on other grounds,* 714 F.2d 163 (D.C.Cir.1983) and *Roemer v. Hoffmann,* 419 F.Supp. 130 (D.D.C.1976) to support his contention that defendant's reliance on his criminal convic-

tion to support his debarment was improper. Neither of these cases, however, supports plaintiff's position.

In the *Kiewit* case, the court noted that "[u]nder the regulations cited in the notice [of proposed debarment], a conviction, based upon a plea of *nolo contendere* or otherwise, does not, *ipso facto*, support a debarment." 534 F.Supp. at 1148. The regulations referred to provided that "a contractor may be debarred or suspended, or otherwise denied a contract based upon a conviction, if such action is necessary 'for the purpose of protecting the interest of the Government.'" *Id.* at 1154. Likewise, the regulations involved in the instant case provide that a criminal conviction *may* be a cause for debarment, but that the decision to debar in each instance "shall be made within the discretion of the Department and shall be rendered in the best interest of the Government." 24 C.F.R. § 24.6(b)(1).

In accord with these regulations, the ALJ in the instant case did not end his inquiry with the finding that plaintiff's conviction constituted cause for debarment, but instead proceeded to the ultimate issue of "whether Appellant's conduct has been such as to establish such a lack of present responsibility as to require his debarment and, if so, how long a debarment period is required to protect the public interest adequately." Determination at 10. In addressing this issue, the ALJ properly declined to consider the government's factual contentions that were not supported by record evidence, as well as plaintiff's contentions in mitigation that were inconsistent with his guilty plea to the two counts of the Criminal Information. Rather, the ALJ relied simply on the conduct established by plaintiff's guilty plea and concluded that such conduct constituted

> a serious breach of trust which reflects a fundamental lack of responsibility on the part of one who has assumed the high degree of responsibility to the Government and to third parties dictated by its fiduciary relationships. There is nothing that overcomes the inference that such a lack of responsibility would continue in

the future, or that compels an inference that it would change in the near future. For that reason, I believe a substantial period of debarment is appropriate to protect the interest of the Government. Determination at 15.

The Court finds that the nature of plaintiff's admitted offenses fully supports the ALJ's conclusion. Hence, plaintiff's guilty plea and the legitimate inferences to be drawn therefrom constituted substantial evidence in support of the administrative action taken, and such action cannot be characterized as arbitrary or capricious. Nothing in the *Kiewit* case, which involved a totally different factual situation, is to the contrary.

Nor does the *Roemer* case, also cited by plaintiff, require a different conclusion. In that case, a manufacturer's representative was debarred from doing any business with the Department of Defense for a period of three years following his conviction for accepting an improper payment during his prior government employment. The district court set aside the debarment and remanded the case, because it could not determine why the decision-maker had attributed little or no importance to the plaintiff's mitigation evidence, or why, despite such evidence, the nature of the plaintiff's particular offense required a debarment of three years. 419 F.Supp. at 132.

By contrast, in the instant case, the ALJ explained that certain of plaintiff's contentions in mitigation could not properly be considered because they were inconsistent with plaintiff's guilty plea. Determination at 13. The ALJ also explained that he gave little weight to the two affidavits and the letter that plaintiff had submitted as character references, because they were "unsworn statements, few in number, lacking in specificity, and make no reference to Appellant's conviction." *Id.* at 14. Moreover, the ALJ detailed how the nature of plaintiff's offense constituted a significant breach of his fiduciary duties and supported an inference that such lack of responsibility would continue in the future. *Id.* at 14–15. Thus, unlike in *Roemer*, it is

clear from the ALJ's determination in the instant case that careful consideration was given to all the relevant evidence submitted, as well as to the nature of plaintiff's particular offense.

Accordingly, on the undisputed facts of this case, the Court finds that plaintiff was afforded procedural protections consonant with the requirements of due process, and that the debarment decision was supported by substantial evidence and was neither arbitrary nor capricious. Defendant is therefore entitled to entry of summary judgment in his favor.

## SUMMARY

In sum, plaintiff's motions for a temporary restraining order or, in the alternative, a preliminary injunction, and for summary judgment are DENIED; and defendant's motion for summary judgment is GRANTED. The Clerk is DIRECTED to enter a judgment accordingly.