**JOSEPH CONSTRUCTION COMPANY, Plaintiff,**

v.

**The VETERANS ADMINISTRATION OF the UNITED STATES of America and Clyde C. Cook, Director of the Office of Procurement and Supply of the Veterans Administration, Defendants.**

No. 84 C 2816.

United States District Court, N.D. Illinois, E.D.

Aug. 27, 1984.

John R. O'Brien, Chicago, Ill., for plaintiff.

Mary S. Rigdon, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: .

Plaintiff Joseph Construction Company ("Joseph") has brought this action for injunctive relief against the Veterans Administration of the United States of America ("V.A.") and Clyde Cook, Director of the Office of Procurement and Supply of the V.A., for the unlawful deprivation of its right to bid on government contracts.[1] Joseph, a general contractor which has performed a number of construction projects for the V.A., alleges that the process of "debarment"—the "official exclusion of a contractor from government contracting or government-approved subcontracting for a reasonable specified period," Federal Acquisitions Regulation ("FAR") Subpart 9.403—is unconstitutional both on its face and as applied to Joseph.

Joseph claims that the V.A.'s use of the criminal conviction of Joseph's president and sole stockholder, Robert J. Brack ("Brack"), as the basis for its decision to debar Joseph was unreasonable because it denied Joseph the opportunity of a hearing on the merits, in violation of the due process clause of the Fifth Amendment. Furthermore, Joseph asserts that its successful completion of numerous government contracts after the occurrence which gave rise to Brack's conviction should be sufficient evidence that Joseph is a responsible contractor and therefore should not be debarred.

Jurisdiction is asserted pursuant to 5 U.S.C. § 702 *et seq.* and 28 U.S.C. § 1331.[2] Presently before the Court are Joseph's motion for preliminary injunction and the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, the defendants' motion to dismiss is granted.[3]

### Motion to Dismiss

In examining a due process claim, we must first determine whether the plaintiff has been deprived of a life, property or liberty interest protected by the Fifth Amendment; we must then determine what process is due the plaintiff. *Shango v. Jurich*, 681 F.2d 1091, 1097 (7th Cir.1982). A contractor's liberty interest is affected when it is denied the right to bid on government contracts based upon charges of fraud or dishonesty. *Old Dominion Dairy Products, Inc. v. Secretary of Defense*, 631 F.2d 953, 963–64 (D.C.Cir.1980). Because its debarment was based upon a finding of nonresponsibility,[4] Joseph's liberty interest was affected.

---

1. On April 3, 1984, Joseph requested, and was denied, a temporary restraining order to block its debarment pending this proceeding.

2. Joseph has also attempted to assert jurisdiction under 28 U.S.C. § 1346(a). However, § 1346(a) applies only to cases in which the plaintiff is requesting monetary damages. Since Joseph is seeking injunctive relief, this section cannot be used to provide jurisdiction. *See Barr v. United States*, 478 F.2d 1152, 1155 (10th Cir.1973), *cert. denied*, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973); *Clay v. United States*, 210 F.2d 686 (D.C.Cir.1953), *cert. denied*, 347 U.S. 927, 74 S.Ct. 530, 98 L.Ed. 1080 (1954).

3. Since we are granting the defendants' motion to dismiss, we need not decide Joseph's motion for a preliminary injunction.

4. A corporation may be liable for the criminal acts of its president. *United States v. Griffin*, 401 F.Supp. 1222, 1224 (S.D.Ind.1975), *aff'd sub nom., United States v. Metro Management Corp.*, 541 F.2d 284 (7th Cir.1976). Brack's guilt could

■ Due process requires that a contractor be given notice of a pending debarment proceeding and the opportunity of a hearing to present objections or argument. *Transco Security, Inc. of Ohio v. Freeman,* 639 F.2d 318, 323 (6th Cir.1981) [*citing Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1949) ], *cert. denied,* 454 U.S. 820, 102 S.Ct. 101, 70 L.Ed.2d 90 (1981). Combined with the proper notice, the hearing requirement can be met by providing the opportunity to "present information or argument, in person, in writing or through representation in opposition to the suspension" or debarment. *Transco* at 322. Neither party has questioned the adequacy of the notice given Joseph, so we turn directly to the question of whether Joseph was given ample opportunity to present information in opposition to the debarment.

■ Joseph alleges that it was debarred without a hearing or without regard to its record of performance over the past several years. However, the letters attached to Joseph's amended complaint demonstrate that this was not the case. Exhibit A, a letter from the V.A. notifying Joseph of the pending debarment proceeding, specifically stated that Joseph would be allowed to present information in writing, in person or through a representative, as required by FAR Subpart 9.406–3(c)(4). Exhibits C and D, correspondence from the V.A. responding to communications from Joseph, show

that Joseph took advantage of this opportunity. Finally, Exhibit E, the notification of the V.A.'s decision to debar Joseph, indicates that the mitigating factors presented by Joseph, such as its performance record, *were* considered by the V.A. in arriving at its decision to limit the debarment to one year, rather than impose the three-year maximum debarment allowed by the regulations. FAR Subpart 9.406–4(a). The V.A. also considered Joseph's potential financial problems in its decision to allow Joseph to complete all of its government contracts outstanding at the time of the debarment.

Because Joseph was given the opportunity to present information in opposition to the debarment, due process requirements have been met. For this reason, the defendants' motion to dismiss is granted as to Count I.

In Counts II and III of its complaint, Joseph asserts that the debarment regulations are unreasonable and unconstitutional, generally and as applied to Joseph in particular, in that they claim to protect the government's interests but may actually deprive the government of the service of the lowest bidder. Joseph further alleges that, because the government is already adequately protected by the Miller Act payment and performance bond requirements,[5] the debarment regulations are nothing more than a vehicle for the government to impose additional punishment on a contractor, in violation of the double jeopardy clause of the Fifth Amendment.

therefore be ascribed to Joseph and used as a basis for a finding of nonresponsibility. FAR Subpart 9.406–5(a) states

    (a) The fraudulent, criminal, or other seriously improper conduct of any officer, director, shareholder, partner, employee, or other individual associated with a contractor may be imputed to the contractor when the conduct occurred in connection with the individual's performance of duties for or on behalf of the contractor, or with the contractor's knowledge, approval, or acquiescence. The contractor's acceptance of the benefits derived from the conduct shall be evidence of such knowledge, approval, or acquiescence.

**5.** 40 U.S.C. § 270a(a) states in pertinent part
    Before any contract, exceeding $25,000 in amount, for the construction, alteration, or

repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated a "contractor":

    (1) A performance bond with a surety or sureties satisfactory to the office awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.

    (2) A payment bond with a surety or sureties satisfactory to such office for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person.

■ Joseph's claim that the debarment regulations are contrary to the government's interests is unfounded. The contracting agency must consider all relevant factors, such as the low bidder's reliability and honesty, in addition to the amount of the bid in order to determine whether a contract would be advantageous to the government. 41 U.S.C. § 253(b).[6] Therefore, the rejection of the lowest bid or the exclusion of a contractor which may submit the lowest bid is not necessarily contrary to governmental interests.

■ Joseph's claim that payment and performance bonds adequately protect the government against dishonest or irresponsible contractors is also without merit. Payment and performance bonds are required simply to insure that a government contract will be completed without financial harm to subcontractors. *See, e.g., J.W. Bateson Co., Inc. v. United States ex rel. Board of Trustees of the National Automatic Sprinkler Industry Pension Fund,* 434 U.S. 586, 587, 98 S.Ct. 873, 874, 55 L.Ed.2d 50 (1978); *United States for Use of Way Panama, S.A. v. Uhlhorn International, S.A.,* 238 F.Supp. 887, 891 (D.C.Canal Zone 1965), *aff'd sub nom. National Surety Corp. v. United States for Use of Way Panama, S.A.,* 378 F.2d 294 (5th Cir. 1967), *cert. denied,* 389 U.S. 1004, 88 S.Ct. 561, 19 L.Ed.2d 598 (1967). The debarment process therefore protects governmental interests not covered by other laws and, as such, does not serve as a vehicle to allow the government to punish contractors a second time for criminal activity.

■ A court may not overturn an agency decision unless it is arbitrary, capricious or an abuse of discretion. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823–24, 28

L.Ed.2d 136 (1971). In this case, the V.A. considered not only Brack's conviction, but also the mitigating factors submitted by Joseph, as it was required to do under 41 U.S.C. § 253(b) and the debarment regulations.[7] For this reason, we find that the V.A.'s decision was not arbitrary, capricious or an abuse of discretion. We further find that the debarment regulations are not unreasonable or unconstitutional, generally or as applied to Joseph. Therefore, the defendants' motion to dismiss Counts II and III is granted as well.

---

For the reasons stated herein, the defendants' motion to dismiss is granted in its entirety. It is so ordered.

---

**6.** 41 U.S.C. § 253(b) states in pertinent part
 Award shall be made with reasonable promptness by written notice to that responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the Government, price and other factors considered: *Provided,* That all bids may be rejected when the agency head determines that it is in the public interest so to do.
 (Emphasis in original).

**7.** The fact that the V.A. considered all the information presented by Joseph distinguishes this case from *Roemer v. Hoffmann,* 419 F.Supp. 130 (D.C.D.C.1976), upon which Joseph relies heavily. In that case the court remanded the case to the debarring officer precisely because he had failed to consider the mitigating factors presented by the contractor.